The State of Iowa v. Abrahams.

---

THE STATE OF IOWA v. ABRAHAMS.

| | |
|---|---|
| 6 | 117 |
| 95 | 493 |

| | |
|---|---|
| 6 | 117 |
| 137 | 571 |
| 137 | 572 |

A defendant's rights may be seriously compromitted by his being compelled to go to trial upon an indictment charging more than one offence; and the fact that the defendant has pleaded not guilty, to the whole indictment, is not sufficient to deprive him of the right to compel the prosecutor to elect on which charge he will proceed to trial.

In such a case, the court should permit the defendant to withdraw the plea, for the purpose of filing a motion to direct the prosecutor to elect on which of the offences charged in the indictment, he will proceed to trial.

Where an indictment contained three counts, the first two of which charged that the defendant leased a house, knowing that the lessee intended to use it as a place, or resort, for the purpose of prostitution and lewdness, and the third charged him with letting it in like manner, and knowingly permitting such lessee to use the same for such purpose: *Held*, That the indictment did not charge two distinct offences.

In a criminal case, the State is not confined to the witnesses upon whose testimony the charge is founded, and whose names are endorsed on the indictment.

Section 2918 of the Code, which provides that the names of the material witnesses for the State, examined before the grand jury, must be endorsed upon the indictment, is not to be extended beyond its actual provision; and does not go to the extent, that the State cannot introduce witnesses discovered subsequently to the finding of the indictment.

The law makes no distinction between the act of letting a house for the express purpose of prostitution, and the letting of it for a proper purpose, and afterwards knowingly permitting it to be used for the pur

The State of Iowa v. Abrahams.

pose of prostitution; and if a party knowingly permit the lessee to use the premises for such illegal object, he is liable under section 2712 of the Code, although, at the time he leased them, he did not know they were to be so used, and did not lease them for that purpose.

Where the defendant is charged with knowingly permitting his house to be used for the purpose of prostitution and lewdness, it must be shown that he did some act, or made some declaration, affirmatively assenting to the premises being so used, after he had knowledge that they were being used for such illegal purpose.

Mere inactivity on the part of the defendant, or a failure to take some steps to prevent the illegal use, is not permitting it, in the sense contemplated by the statute. An affirmative assent is necessary.

Where, on the trial of an indictment, charging the defendant with letting a house for the purpose of prostitution and lewdness, and with knowingly permitting it to be so used, the court instructed the jury as follows: "That mere inactivity on the part of the defendant, or failure to take some stepts to prevent the illegal use, is not permitting it, in in the sense contemplated in the law; that an affirmative assent was necessary; that to make defendant liable, there must be, on his part, a consent to such use, either expressly given, or given by his silent acquiescence; that a mere failure to interfere, or to prosecute, so as to prevent the illegal use, cannot be construed to amount to a permission, or into a silent affirmative acquiescence in such use; and that if the jury find from the evidence, that the defendant did, by any act or declaration, affirmatively assent to the premises being so used, after he had knowledge of the purpose for which they were used, he is guilty as charged;" and where the jury, after being out some hours, came into court and stated, "that there was some trouble, as to whether the defendant should have assented to the fact charged, to the person occupying the house, or whether it could be done to any other persons," whereupon, the jury were instructed as follows; "That it is not necessary that defendant should have told the lessee, that he consented to the same being used for the illegal purpose; that consenting to a thing is the result of our own mind; that all that was necessary was to find that defendant actually consented; that the assent was the result of his own mind, and need not be coupled with any other person; and that in order to ascertain the assent, the jury must find that the defendant did some affirmative act, or made some declaration, in connection therewith, or in relation thereto, from which the jury may find that the defendant did so assent: *Held*, That while one or two sentences of the latter instruction are somewhat ambiguous, yet that the concluding words distinctly hold, that the jury must find that the defendant did some affirmative act, or made some declaration, from which to conclude his assent; and that the instruction could not tend to mislead the jury.

*Appeal from the Des Moines District Court.*

THURSDAY, JUNE 10.

The defendant was indicted under section 2712 of the Code, which enacts, that if any person let any house, knowing that the lessee intends to use it as a place or resort for the purpose of prostitution and lewdness, or knowingly permit such lessee to use the same for such purpose, he shall be punished as therein provided. The indictment consisted of three counts, the first two of which charged the defendant with letting the house, knowing that the lessee intended so to use it. The third charged him with letting it in the like manner, and also further charged, that having so let the same, he afterward, from the fifth day of June to the first day of February, 1857, knowingly did permit the lessee so to use the same. A jury found the defendant not guilty on the first and second counts, and guilty on the third. A motion in arrest, and for a new trial was overruled. The defendant appealed, and assigns for error the matter stated in the opinion of the court.

. *C. Ben Darwin* and *J. C. Hall,* for the appellant.

*Samuel A. Rice,* (Att'y General), for the State.

WOODWARD, J.—The defendant moved for a rule on the prosecuting attorney, directing him to elect on which of the offences charged in the indictment, he would proceed to trial; which motion was overruled. A bill of exceptions shows, that when this motion was made, the plea of not guilty had been filed, which defendant asked leave to withdraw, in order to file the motion, but that the court refused leave, upon which the defendant made the motion, notwithstanding the pendency of the plea. A defendant's rights may be seriously compromitted by his being com-

pelled to go to trial, upon an indictment charging more than one offence, and we do not think that his having pleaded, is sufficient to deprive him of the right to an election by the prosecutor, but the court should have permitted him to withdraw the plea for that purpose. And, in truth, no incongruity is perceived, in his being permitted to require the election, while the plea of not guilty is pending, for if that plea is pleaded to the whole indictment, it would still be a good plea to such charge as should remain, after the election. However, it is not essential to determine whether this is a sufficient ground to reverse, for other and more important questions arising. But it does not appear clearly, whether the court overruled the motion upon the above ground, or because the indictment was held not to contain two offences. If it was upon the latter reason, we are inclined to think the court did not err. It is often difficult to determine whether a statute describes different offences, or one and the same. It has been held, that when an act provided a punishment for every person who should buy, receive, or aid in the concealment of, stolen goods, it described only one offence, the guilt of which might be incurred by either buying, receiving, or aiding to conceal; and if any indictment alleged all three of these jointly, no objection could be taken to it, as multifarious, though it might equally have charged but one. *Stevens* v. *Commonwealth,* 6 Met., 241 ; Bishop Cr. Law, sec. 535, *et seq.*; and if each of these, or similar acts, are alleged in separate counts, in an indictment, it is common practice for a jury to find a verdict of guilty upon those counts to which the evidence applied, and of not guilty on those to which it does not apply. Bishop Cr. Law, sec. 535, *et seq.,* and sec. 680, *et seq.* The identity of the evidence required to prove the offence, is not always a satisfactory test. The better one is, the power to plead a former conviction or acquittal, which, we think, applies to the present instance.

Another error assigned is, that the court permitted a witness to testify in chief, whose name was not indorsed

on the indictment.   The bill of exceptions shows, that the witness had not been before the grand jury, and was not one of those upon whose testimony the indictment was found; and the case is, therefore, different from that where the witness was one of this class.   The question presented is, whether the prosecution is confined to the witnesses upon whose testimony the charge is founded, and whose names are indorsed.   We think it is not.   Such a rule would greatly embarrass the administration of justice in the punishment of offences.   It would make it necessary for the State to search for all possible evidence, before it presented an indictment, and thus favor the escape of the guilty; or it would deprive it of much evidence, and even of that which is the best and the most satisfactory. There is no principle of law, or of natural right, which entitles a defendant to a previous knowledge of all the witnesses to be called against him.   Our statute has gone sufficiently far, probably, in giving him the knowledge of those upon whose information the charge is based, by requiring their names to be indorsed upon the indictment.   How far, and by what consequences, this is to be peremptorily enforced, we do not decide.   The cases of *Ray* v. *The State*, 1 G. Greene, 316, and *Harriman* v. *The State*, 2 G. Greene, 272, touch upon the question, but do not go far toward settling the law.   We are of the opinion that the statute is not to be extended beyond its actual provision, which is, that the names of the material witnesses examined before the grand jury, should be indorsed.   This may be supposed to give the accused the knowledge of all the witnesses known to the prosecution, and it is difficult to consider him entitled to more than this.   We cannot go to the extent of holding, that the State cannot introduce testimony discovered subsequently to the finding of the bill.

The remaining error assigned is to the giving instructions, which were, in substance, the following: That the law makes no distinction between the act of letting a house for the express purpose of prostitution, and the letting it ·

for a proper purpose, and afterward knowingly permitting it to be used for such purpose; and, that if the jury find that the defendant let the premises, knowing the lessee intended to use them for the alleged purpose; or if the jury believe the defendant knowingly permitted the lessee to use them for such purpose, he is guilty as charged in the indictment, although, at the time he leased them, he did not know they were to be so used, and did not lease them for that purpose. The question raised here, is the same with that made upon the motion for the prosecution to elect upon which offence it would proceed; that is, whether there are two offences charged; and as we have held that there was no error in that decision, it follows that, in our opinion, there is none in these instructions.

Another error alleged, is to certain instructions given by the court, to arrive at which, and their bearing, it becomes necessary to set out the substance of several which were given. In the principal instructions, the court charged, that "mere inactivity, on the part of the defendant, or failure to take some steps, to prevent the illegal use, is not permitting it, in the sense contemplated in the law. An affirmative assent is necessary; and if the jury find by the evidence, that the defendant did, by any act or declaration, affirmatively assent to the premises being so used, after he had knowledge of the purposes for which they were used, he is guilty, as charged." And further, that "to make defendant liable, there must be, on his part, a consent to such use, either expressly given, or given by his silent acquiescence." And again: that "a mere failure to interfere, or to prosecute, so as to prevent the illegal use, cannot be construed to amount to a permission, or into a silent affirmative acquiescence in such use. The jury having retired, after some hours came into court, and being inquired of by the court, respecting the difficulty in arriving at a verdict, stated, that "there was some trouble as to whether the defendant should have assented to the fact charged, to the person occupying the house, or whether it could be done to other persons;" whereupon the court

instructed them, that "it is not necessary that defendant should have told the lessee that he consented to the same being used for the illegal purpose. Consenting to a thing is the result of our own mind. All that is necessary, is to find that defendant actually consented." Again : "The assent is the result of his own mind, and need not be coupled with any other person ; but in order to ascertain the assent, the jury must find that defendant did some affirmative act, or made some declaration in connection therewith, or in relation thereto, from which the jury may find that the defendant did so assent." To these instructions, so given, exception was taken. And now it is urged, that they convey the idea that the assent might rest in the defendant's mind alone, uncommunicated; or that, at least, they were ambiguous, and would tend to mislead the jury. One or two sentences of the instruction tend somewhat to ambiguity, it is true, but the concluding words distinctly hold, that the jury must find that the defendant did some affirmative act, or made some declaration, from which to conclude his assent. It would probably have been better to adhere to the term "permit," used in the statute ; but, taking the instructions together, the court is unable to perceive that the jury could understand that a silent assent, in his own mind, wholly uncommunicated, and not acted on, would justify a verdict against the defendant. Upon the whole, therefore, we are of the opinion that the judgment should be affirmed.

Judgment affirmed.