## COMMONWEALTH vs. EMERY B. COBB.

Suffolk.     April 3. — May 4, 1876.   COLT & LORD, JJ., absent.

If the instructions given to the jury embrace substantially those requested, it is no ground of exception that they are in different language.

Upon an indictment for keeping a disorderly house, the jury must be satisfied that, during some substantial portion of the time covered by the indictment, the defendant had, in whole or in part, the control and management of the premises complained of; and that, while so kept and maintained by the defendant, they were a common nuisance, as a common, ill-governed and disorderly house.

It is sufficient, to support an indictment for keeping a disorderly house, that the defendant suffered and allowed the place to be the habitual resort of drunkards, thieves and prostitutes until late and unseasonable hours of the night.

The common nuisance charged in an indictment for keeping a disorderly house may consist in drawing together dissolute persons engaged in unlawful practices.

INDICTMENT for keeping and maintaining a disorderly house. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

At the close of the evidence, the defendant requested the judge to instruct the jury as follows :

" First.  That the issue for the jury is not whether a nuisance was kept by the defendant during any portion of the time alleged in the indictment ; but the question is, on the evidence, did the defendant, during the time, or some substantial period of the time alleged in the indictment, keep a noisy and disorderly house at number 41 Ferry Street, in the city of Boston.

" Second.  The offence alleged is a common law offence, and every material averment in the indictment must be proved to the jury beyond a reasonable doubt, and the defendant is to be presumed innocent until every part alleged is fully proved.

" Third.  It is necessary, under this form of indictment, for the government to prove beyond a reasonable doubt :

" 1st.  That the defendant kept the saloon or premises described by the witnesses as being saloon numbered 41 Ferry Street, in the city of Boston, during some portion of the time alleged in the indictment ; or that he had control over said premises during some substantial portion of the time alleged.

" 2d.  That it would not be sufficient evidence to maintain this keeping or control over the premises, for the government to show that, upon one or two occasions during the time included in

the indictment, the defendant assisted in preserving order, or aided in the general management and control of the business carried on at this place ; but the government must go further, and prove that the house itself, that is, the premises complained of, was actually under the control and management of the defendant, and that, while under his charge and control, he permitted acts of disorder to take place on said premises.

" 3d. If the jury should be satisfied beyond a reasonable doubt that the defendant on one or two occasions within the period of time included in the indictment, actually had control over the premises, or assumed or aided in the management of the business carried on there, and that, while thus in control or assumed authority over it, acts of disorder were committed on the premises, this in itself would not be sufficient, as these acts of disorder must be shown to have been permitted by him while the premises were under his control.

" 4th. If acts of disorder were committed upon the premises, under the circumstances mentioned in the above request, and the defendant endeavored to preserve the peace, prevent disorder, and remove the persons creating the noise and disorder, then he would not be liable for these acts, as his keeping of, or his control over the premises, and the permission of acts of disorder on the premises under his control must be coördinate and concurrent. If the government fail to prove these facts, the jury should acquit."

It was admitted by the government that, if these requests were correct in law, there were some aspects of the evidence entitling the defendant thereto. The judge declined to give these instructions, and instructed the jury as follows :

" In this case, starting with the presumption of innocence, as in every other criminal case, the jury must be satisfied, beyond a reasonable doubt, that, during some substantial portion of the time covered by the indictment, the defendant kept and maintained, that is, had in whole or in part the direction, control and management of the premises complained of ; and that, while so kept and maintained, it was a common nuisance, as a common, ill-governed and disorderly house, and that the defendant so conducted the place as to be responsible therefor. The nuisance may consist in allowing the place to be so noisy and disorderly

as to disturb the public peace and annoy the neighborhood. But it is not necessary to show any such noise, because the nuisance may consist in drawing together dissolute persons engaged in unlawful practices, thereby endangering the public peace and corrupting good morals. In the present case, if the jury are satisfied, upon the evidence, that, while under the direction or control of the defendant, he suffered and allowed the place to be the habitual resort of drunkards, thieves and prostitutes, and the same to remain until late and unseasonable hours of the night, then it is sufficient to support the charge, and it is not a defence that the defendant endeavored to prevent certain affrays and breaches of the peace."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Mahan*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The instructions given stated accurately all the elements necessary to constitute the offence charged, and were correct. They embraced substantially, though in different language, all the material instructions requested by the defendant, and he has no ground of exception.     *Exceptions overruled.*