G. B. MARSAN v. A. F. FRENCH.

(Case No. 1781.)

1. NUISANCE.— He who knows that a dwelling-house owned by him is used as a place for prostitution, that the sole purpose of its occupancy is to keep a house for prostitution, and who, with this knowledge, continues from month to month to rent it, and permit such occupancy, must be held to rent such property "to be used" for a place of prostitution, and is responsible in damages to an adjacent proprietor, residing with his family on adjacent property; he may be enjoined from continuing to permit such occupancy.

2. NEGLIGENCE.— The maxim, "So use your own property as not to injure the rights of another," would seem to require that a landlord should at least use reasonable care and diligence in reference to ascertaining the use to which his property is applied, and that even for negligence in this respect he might become responsible civilly for an injury which could not have resulted had he used due care and regard for the rights of his neighbors.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

The petition of French alleged that appellee was the owner of lot No. 2, in block 384, in Galveston, and said lot was his homestead and had been his homestead, on which he and his family resided since 1873; that after appellee had purchased the lot and established his homestead on it, appellant bought lot No. 1, adjoining appellee's lot on the west; that soon after his purchase, appellant erected on that lot three houses, all built close to each other, without yard room, and in close proximity to appellee's homestead; that immediately after the completion of the houses in the year 1878, appellant "began to rent them to public and notorious prostitutes and lewd women, to be used by them as places of prostitution, and knowing that they were to be so used, and the houses had constantly since been rented by defendant and his agents to that character of persons, and by his consent occupied by them, and have been the resort of prostitutes and base men and women, who have resorted there for purposes of prostitution, which has been well known during all of said time to defendant;" that plaintiff had used all means in his power to prevent such renting and use of the premises; that the tenants of defendant had been time and again prosecuted for keeping disorderly houses and resorts for prostitution, and the tenants pleaded guilty and were convicted of such offenses; yet the defendant had continued this nuisance by consenting thereto, and refused to abate it, and the premises were still used as houses of prostitution; that the defendant has habitually rented said premises to prostitutes, knowing that the premises were being used for the purpose of prostitution, etc.

The petition stated that appellee's family consisted of himself and wife, and three small children, and five sisters of his wife; and actual and special damages were fully and particularly alleged.

The court, on exceptions of appellant, limited special personal damages to such as accrued within one year from the filing of the petition, and special damages alleged to property within two years.

Verdict and judgment for appellant for $1,000 damages, and appellant was enjoined from renting the premises to be kept for the purpose of prostitution, or as a common resort for prostitutes, etc.

*Davis & Sayles* and *Robert G. Street*, for appellant.

*M. Kleberg* and *Denson & Burnett*, for appellee, cited: Clementine *v.* The State, 14 Mo., 115; Jacobowsby *v.* The People, 6 Hun, 524; Wood's Law of Nuisances (2d ed.), secs. 31, 871; Givens *v.* Van Studdiford, 4 Mo. App., 498; 72 Mo., 129; Hamilton *v.* Withridge, 11 Md., 128; Rev. Criminal Code, arts. 339–341; Rev. Ordinances of Galveston, 1883, sec. 11, p. 117; Milliken *v.* City Council, 54 Tex., 393.

STAYTON, ASSOCIATE JUSTICE.— There are sixteen assignments of error, of which only one is presented in brief of counsel.

This action was brought to recover damages from the appellant for permitting certain houses which he owned, contiguous to the house owned and occupied by the appellee as a home for his family, to be used as places of prostitution, by which he alleged his property was diminished in value, and rendered unfit for a home for himself and family. An injunction was also sought to prevent the continuance of such use of the houses of appellant.

The proof was ample to show that for a long time the appellant had rented his houses to persons under such circumstances that he must have known the purposes for which his houses were used and for which they were rented; in fact he was notified of the fact; for the plaintiff requested him not to permit his houses to be so used, nearly a year before this suit was brought.

The evidence shows that the houses which belonged to the appellant, by reason of their use, became and were for a long time notorious as of the most disreputable houses of prostitution; that their occupants were repeatedly prosecuted and convicted for there keeping houses of ill-fame; and that the appellant himself, long before the institution of this suit, was prosecuted for renting his houses to be kept as houses of prostitution, to which prosecution he made no defense, and yet that he from month to month permitted persons who were known to be common prostitutes to occupy his houses and there to ply their avocations; that they were so kept, and openly kept, the evidence makes clear.

Under this state of facts it is urged that the court erred in instructing the jury, in effect, that if the appellant knew with reasonable certainty the use to which his property was put, and continued to rent it from month to month to persons whom he knew, with reasonable certainty, would so continue to use it, then, if so used, its use would constitute a nuisance for which the appellant would be responsible.

It is contended that a person renting to others his property under such circumstances *does not rent* it "to be used" as a place of prostitution. He who knows that his property is used as a place for prostitution; that the sole business of its occupants is such; and who thus knowingly continues from month to month to permit such occupancy, must be held to rent such property "to be used" as a place of prostitution.

The charge of the court was not incorrect; and, that it might not possibly be misconceived, at the request of appellant the court gave the following charge: "Under the law of this state the owner of property, houses and lots, has the right to rent the same to a person whom he may know to be a prostitute or lewd woman, and such character of person has the right to rent such property; and before the plaintiff can recover, it must be proved to your satisfaction that the defendant in this case not only rented the premises on lot No. 1, block 384, to prostitutes, knowing them to be such at the time of renting, but he must have rented said premises to such persons for the purpose of their being used as houses of prostitution, or after having rented them to such persons, not knowing their characters at the time, but afterwards having found out that said tenants were prostitutes and that they were using said premises as houses of prostitution instead of legitimate dwellings, and the defendant, being so informed, re-rented and acquiesced in the immoral use of said premises and continued such tenancy in violation of good morals and common decency."

This charge was more favorable to the appellant than a correct application of the law would justify.

Such injury was shown to the appellee, and the appellant shown to be so connected with the facts out of which the injury resulted, as entitled the appellee to recover against him. Givens *v.* Van Studdiford, 4 Mo. App., 499; S. C., 72 Mo., 130; Hamilton *v.* Whitridge, 11 Md., 128; Commonwealth *v.* Cobb, 120 Mass., 356; State *v.* Williams, 30 N. J. Law, 102; The People *v.* Erwin, 4 Denio, 129; State *v.* Abrahams, 6 Iowa, 117; Wood's Law of Nuisance, 40, 822; Fish *v.* Dodge, 4 Denio, 317.

The rules applied by the court in this case were such as would be applicable in a criminal prosecution for letting premises to be used as a place of prostitution, and it may well be questioned whether rules so stringent should be applied in civil causes, in which questions of knowledge and intent are often of but little or of no importance.

The maxim, "so use your own property as not to injure the rights

of another," would seem to require that a landlord should at least use reasonable care and diligence in reference to the use to which his property is applied, and that even for negligence in this respect he might become responsible civilly for an injury which could not result if he exercised due care and due regard for the right of his neighbor.

However this may be, the rule given by the court below was one of which the appellant cannot complain, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 19, 1884.]