STATE v. TOM IRETON.[1]

May 22, 1903.

Nos. 13,429—(26).

Keeping Disorderly House.

The keeping of a disorderly house, prohibited by Laws 1899, c. 158, § 1, may consist in its drawing together idle, vicious, dissolute, and disorderly persons engaged in unlawful or immoral practices, thereby endangering the public peace and also promoting immorality. The keeper of such a house cannot excuse himself by alleging that the public has not been openly disturbed and has made no complaint.

Disturbing Public Decency.

The decency of a neighborhood is habitually disturbed and disgraced when unfit and unbecoming acts are of common occurrence at a house therein, although they may not be so open and notorious as to disturb the public peace or quiet in that vicinity. It is enough if the acts performed are contrary to law and subversive of public morals.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial, after a trial and conviction of the offense set forth in the opinion. Affirmed.

[1] Reported in 94 N. W. 1078.

*H. E. Hall,* for appellant.

*T. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant County Attorney, for the State.

COLLINS, J.

Defendant was indicted under the provisions of Laws 1899, p. 163 (c. 158, § 1), for keeping a disorderly house,

"Whereby the peace, comfort and decency of the neighborhood in and about said house were then and there habitually disturbed."

Upon trial he was convicted, and then sentenced to imprisonment in the workhouse at St. Paul for a period of ninety days. He appeals from an order refusing a new trial, filed after judgment had been entered in accordance with the sentence.

1. Defendant's offense was a misdemeanor, under the statute. His counsel contends that the lower court was without jurisdiction to sentence the appellant to imprisonment, or to impose any other penalty than that prescribed by Laws 1897, p. 194 (c. 108, § 2)—a fine not to exceed $50. This contention has been disposed of adversely to defendant in State v. Grosofski, infra, page 343.

2. Defendant's counsel contends that a new trial should have been granted because there was no direct proof that either the peace or the comfort or the decency of the neighborhood wherein this house was situated was habitually disturbed. It is true that the state introduced no evidence tending to show that defendant's house or place of business was conducted so as to offend the peace or the comfort or the decency of the neighborhood, except by proving that it was a saloon, with winerooms in the rear, in which men and women met and drank together at all hours; that persons of both sexes occasionally became intoxicated, and had been arrested by the police; that fights occurred; that it was the common practice of women to "solicit" men at this place; that there was much vulgar and profane language used; and that the conduct of those who frequented the premises was lewd and obscene—in other words, that it was a common rendezvous for men and women of loose and immoral character to meet and to use profane and vulgar language, to act lasciviously, to make indecent engagements, and to become drunk and disorderly.

The statute prohibits the keeping of a disorderly house, whereby "the peace, comfort or decency of a neighborhood is habitually disturbed." To convict of the offense covered by this enactment, it is not absolutely and essentially necessary that the residents in the vicinity shall testify that they have been openly disturbed by the behavior of the frequenters of such a place, or that their comfort and peace have been interfered with by the profane and obscene language used, or by other acts which evidence the disreputable and disorderly character of the resort. The keeping of such a house may consist in its drawing together idle, vicious, dissolute, or disorderly persons engaged in unlawful or immoral practices; thereby endangering the public peace, and also promoting immorality. The keeper of such a place cannot excuse himself by alleging that the public has not been openly disturbed, and has made no complaint. Thatcher v. State, 48 Ark. 60, 2 S. W. 343; Com. v. Buxton, 10 Gray, 9; Com. v. Cobb, 120 Mass. 356; Cheek v. Com., 79 Ky. 359; State v. Williams, 30 N. J. L. 102; Beard v. State, 71 Md. 275, 17 Atl. 1044.

In the case last cited it was said: "It does not require, in a case like the present, that there should be acts violative of the peace of the neighborhood, or boisterous disturbances or open acts of lewdness shown, in order to constitute the place a disorderly house. The habitual assembling there of lewd women, and men desirous of their company, to drink and dance together, must necessarily be hurtful to the public and tend to scandalize the neighborhood. It is an outrage against common decency and common morality, and could have no other effect than the corruption of the morals, honesty, and good habits of the people, and that constitutes the place a nuisance." In each of the cases cited the defendant was indicted for keeping a disorderly house, and proof had to be made that it was a public nuisance. The decency of a neighborhood is habitually disturbed and disgraced when unfit and unbecoming acts are of common occurrence at a house therein, although they may not be so open and notorious as to disturb the public peace or quiet in that vicinity. It is enough if the acts performed are contrary to law and subversive of public morals.

The defendant knew of these immoral practices and proceedings, which brought together vicious, dissolute, and depraved persons at his place of business, and to some extent, as appears from the proofs, participated in the orgies. He was properly convicted and sentenced.

Order affirmed.