CHARLES E. SEIFERT, APPELLEE, V. ROSE DILLON, APPELLANT.

FILED FEBRUARY 6, 1909. No. 15,507.

1. **Nuisance:** INJUNCTION: DEFENSES. The right of a landowner to restrain an adjoining property owner from using his property as a bawdyhouse, or house of ill fame, to which persons resort for the purposes of prostitution and lewdness, is a right belonging to the land, and the fact that defendant's premises were so used before plaintiff purchased his property constitutes no defense to an action to enjoin the same.

2. ———: ———. The illegal use of property as a house of ill fame constitutes a continuing injury to a nearby property owner which is unaffected by lapse of time.

3. ———: ———: DEFENSES. The fact that municipal authorities tolerate the maintenance of a house of prostitution on defendant's property, and thereby violate the law themselves, constitutes no defense to a suit by a nearby property owner to enjoin such maintenance, special damages being shown.

4. ———: ———: SPECIAL INJURY. Where a nearby property owner and those in his employ are compelled to witness indecent conduct of the inmates of a bawdyhouse, and to hear loud, boisterous, indecent and annoying noises made by them and their dissolute companions, he thereby suffers a special injury different from that suffered by the general public, and is therefore entitled to enjoin the same, notwithstanding the maintenance of such place is a public nuisance.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*T. J. Doyle, G. L. De Lacy* and *James E. Philpott,* for appellant.

*John M. Stewart* and *D. H. McClenahan, contra.*

REESE, C. J.

This action was instituted in the district court for Lancaster county by the plaintiff, who is a merchant engaged in business at No. 133 South Ninth street in the city of Lincoln, and against the defendant, the keeper of a house of ill fame at No. 124 on the same street, being diagonally across the street and nearly opposite plaintiff's place of business. From the pleadings and evidence it is shown that O street is one of the principal business streets of said city, and that the properties referred to are south of said street, and within less than a block thereof, and within that part of said city used for general business purposes. The place of business of plaintiff is in a two-story brick building, both floors of which are used in the conduct of the business, which is a general store for the sale of harness, fur coats, work coats, mit-

tens, gloves and bicycle supplies. The value of his stock of goods is about $7,000. The building occupied by defendant is a two-story brick, and is confessedly used by her as a house of prostitution.

It is alleged in the petition that defendant is using and intends to continue the use of said building as a bawdyhouse and house of prostitution, wherein are kept a large number of prostitutes under the control and charge of defendant, and as a resort of prostitutes and licentious men, and is resorted to at all times of the day and night by persons of that description, and is a disorderly house where fighting and brawls, drinking of intoxicating liquors, and disturbances of the peace continually occur; that from the doors and windows of said house passersby are hailed by the prostitutes and invited to licentious commerce with them, and indecent exposures of their persons are made therefrom, and that the house as kept and used is a nuisance, and a detriment to plaintiff, his business and his property; that plaintiff's property has been greatly depreciated in value, and the rental value thereof greatly lessened; that he is deprived of the comfortable use and enjoyment of the property, and his business has been injured by the loss of customers who are unwilling to visit his store on account of the disgraceful and indecent acts and conduct of defendant and those kept by her and who frequent her place. The prayer of the petition is for an injunction restraining defendant and those under her control or authority or procurement from using the property or any part thereof for the purposes of prostitution, or keeping or maintaining a disorderly or bawdyhouse upon said premises. The answer admits the location and use of the properties as alleged, and avers that both are situated "in the immorally submerged part of said city"; that there are other houses of prostitution and a number of saloons in the immediate vicinity; that her house has long been kept and used for the purpose named; that plaintiff was reared from boyhood in the immediate neighborhood, and, knowing the use to which defendant's

property was devoted, had purchased the store and business. All averments of the petition charging offensive acts or boisterous noises as well as damages to plaintiff are denied, and she avers that she has at all times maintained a quiet and orderly house, which has been closed to men of vicious, brutal and degenerate character when known to her. A trial was had in the district court, which resulted in a finding in favor of plaintiff, and enjoining defendant and all others acting with her consent and authority from using said premises as a bawdyhouse or a house of prostitution and maintaining or operating the same for such purposes. Defendant has appealed.

There is not much question as to the facts in the case. The principal dispute thereon is as to whether the proof sustains the finding of the court as to a special injury to plaintiff as distinguished from the injury to the public generally sufficient to justify the issuance of an injunction in favor of plaintiff personally. It is not deemed necessary here to set out the evidence in detail, except to say that enough is shown to support a finding that the averments of the petition are sustained by the proof that the maintenance of the house of defendant as a bawdyhouse has contributed to the depreciation of the value of plaintiff's property and the rental thereof, and has rendered his place of business an undesirable one, has prevented the extension of his local trade, and has been and is a source of annoyance to him, his clerks, and customers; that men and women of vicious, lascivious and drunken habits congregate at her house and along the street and sidewalk adjacent to plaintiff's property, and engage in brawls and fights to such an extent as to prevent respectable customers from frequenting his place of business. It may be said that it is true that these acts have been indulged in to a less extent in later years than formerly, yet enough is shown to justify the finding that they have been continued until recently before the beginning of the suit.

The principal contention is as to the law to be applied.

It is a generally accepted rule of law that a private individual may not enjoin a nuisance of a public character unless he can show that he suffers damages or injury which is special to himself or his interests; that public nuisances are criminal in their nature and can be suppressed by the enforcement of the criminal law applicable to such cases. It is conceded that the house of defendant is a bawdyhouse, and that she maintains it as one of that character; but it is insisted that she is subject only to the action of the state in the enforcement of the criminal law in the usual way. In support of this, a number of authorities are cited, which we do not deem it necessary to notice further, for the reason that, as a general rule, the position must be conceded. See 1 High, Injunctions (4th ed.), sec. 762. A bawdyhouse is a public nuisance. 1 Wood, Nuisances (3d ed.), sec. 29; Criminal code, sec. 210.

In order to avoid the extension of this opinion to an unreasonable length, we will treat the assignments of defendant together. They are, not only that plaintiff has failed to show a sufficient personal interest to enable him to rightfully maintain the action, but that by his laches he has forfeited his right, if any ever existed, to seek the remedy of injunction in his own behalf. It is said in defendant's brief that "prescription will not run against a public nuisance so as to defeat the abatement of it by public authorities. But the appellant contends that prescription does run against the right of a private citizen to abate a public nuisance by injunction." Under certain conditions this is probably true, but we hardly think such a rule could rightfully be invoked in a case of this kind. The case of *Ingersoll v. Rousseau*, 35 Wash. 92, was much like the one now under consideration in its facts. The action was brought by a lot owner in the city of Everett against the owner of an adjoining lot to restrain him from maintaining a house of ill fame upon said adjoining lot. The issues were quite similar to those here presented. The court held that such illegal use of property could not be continued over the objection of the plaintiff in the

case, upon the ground that defendant's property was so used before the plaintiff purchased; that the right of the plaintiff to maintain the action was not affected by lapse of time; that the fact that the authorities of the municipality tolerated the maintenance of the house of prostitution (as shown in this case) was no defense; and that where the adjoining proprietor was compelled to witness indecent conduct of the inmates of the bawdyhouse, and listen to the loud, boisterous and unseemly noises made by them and their dissolute companions, he thereby suffered a special injury different from that of the general public, and was therefore entitled to enjoin the same, notwithstanding the maintenance of such a place was a public nuisance. In *Dempsie v. Darling,* 39 Wash. 125, it was held that the owner of a vacant lot upon which he desired to construct a building to be used for a lawful purpose had the right to enjoin the owner of an adjoining lot from continuing a house of prostitution then in existence. See, also, *Wilcox v. Henry,* 35 Wash. 591. *Blagen v. Smith,* 34 Or. 394, was where the defendant had remodeled certain buildings and was about to rent them to be used for immoral purposes. In many other respects the questions involved were quite similar to those presented in this case. The supreme court of Oregon, in quite an elaborate opinion, held that a house of ill fame is a public nuisance, but that the plaintiff being the owner of adjacent property could enjoin its use or continuance. To the same effect are *Weakley v. Page,* 102 Tenn. 178, 53 S. W. 551; *Marsan v. French,* 61 Tex. 173; *Cranford v. Tyrrell,* 128 N. Y. 341. The case of *Ingersoll v. Rousscau,* 35 Wash. 92, is republished and annotated in 1 Am. & Eng. Ann. Cas. 35. The heading of the note at page 38 in referring to the principal case says: "This case is clearly within the rule that private citizens may maintain a suit to enjoin a nuisance where special injury is suffered. The particular nuisance which produces the injury is immaterial, provided it is of such character as to cause special damages to certain persons"—citing a number of cases from England,

Canada, the United States, and more than half of the state supreme courts. It seems that there can be no doubt as to the rule or that plaintiff has brought himself within it by the pleadings and evidence.

We have not overlooked the cases cited by counsel for defendant, but cannot here review them. They generally state the correct rule, but are not decisive of the case in hand.

It follows that the decree of the district court making the injunction perpetual must be, and is,

AFFIRMED.

FAWCETT, J., not being present at the time of the argument, took no part in the decision.