STATE OF IOWA, Appellee, v. ED GORMAN, Appellant.

CRIMINAL LAW: Demonstrative Evidence—Guns, etc. Whenever
1  an object, cognizable by the senses, has such relation to the
senses, and such relation to the fact in dispute as to afford
reasonable grounds of belief respecting it, such object may go to
the jury.

PRINCIPLE APPLIED: Burglary. Two men, both armed
with revolvers, with faces hidden by handkerchiefs, one red,
one blue, were found in the building and, being discovered, took
flight. No one saw their faces. One, with a red handkerchief,
cap and revolver in his pocket and wearing a hat, was captured
and implicated defendant. Defendant·was arrested next morn-
ing and was informed by the one first captured, in the presence
of the officers, that he had told the officers ''that we were there.''
Defendant said: ''All right, we were there.'' Defendant ad-
mitted to officers that he had met the one first arrested and
that they had entered the building from the front entrance.
The police found a blue handkerchief at front entrance of
building. *Held*, all the said articles found in the possession of
the one first arrested and the handkerchief found at the entrance
of building were properly received in evidence.

BURGLARY: Corpus Delicti Established—Verdict—Sufficiency of
2  Evidence to Support. The *corpus delicti* being established, any
admission by defendant of a fact tending to implicate him in the
crime may be sufficient to sustain a conviction.

CRIMINAL LAW: Alibi—Evidence Justifying Rejection. Evidence
3  of an alibi, locating defendant in the immediate neighborhood of
the scene of the crime charged at and near the time thereof,
*held*, to be such as to justify its rejection by the jury.

CRIMINAL LAW: Crime—Commission Through Conspiracy—Instruc-
4  tions. It is always proper, when the evidence tends to show
the commission of crime by two or more persons, to instruct
that if such crime was committed by said persons as the result
of any combination or conspiracy to commit it, then each is liable
for the act of the other, even though the specific crime of con-
spiracy is not charged in the indictment.

*Appeal from Polk District Court.*—HON. LAWRENCE DE
GRAFF, Judge.

SATURDAY, DECEMBER 19, 1914.

THE defendant was indicted jointly with one William Richards upon a charge of burglary. Richards' case having been otherwise disposed of there was trial to a jury upon the issue presented by defendant Gorman's plea of not guilty. Verdict of guilty, and judgment accordingly. Defendant appeals.—*Affirmed.*

*E. S. Scheutz,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for appellee.

WEAVER, J.—The theory of the state's case is that on the evening of March 23, 1914, in the city of Des Moines, the defendant with Richards broke and entered a room or suite of rooms with the intent to perpetrate therein the crime of larceny or robbery. The rooms were occupied by several women who, it is said, discovered the intrusion, whereupon the alleged burglars assaulted them, striking and threatening them with death if they raised an alarm. One of the women having escaped called the police and the burglars took flight, running down the street. One of them, who proved to be Richards, was met and arrested by a policeman. Richards admitted his guilt and implicated the appellant herein as his confederate. On the following morning the appellant was arrested but protested his innocence. At the suggestion of Richards the officers brought the two men together and the following conversation was had in the presence of two or more of the police force. Richards, addressing appellant, said, "Gorman, I have had a talk with Jackson and I told him we were there," and appellant responded with the inquiry, "Did you tell him we were there?" and being answered in the affirmative he added, "All right; we were there." This conversation was had after appellant and Richards had been given an opportunity for a conference together. At the time

of this conversation appellant is also shown to have admitted to the officers that he met Richards on the street immediately before the alleged breaking and entering and that they entered the building from the front stairway. The women occupying the building testify that they discovered two men in their rooms each armed with a revolver. Their faces were masked or covered with handkerchiefs, one red and the other blue. They did not see the faces of the men and were unable to recognize or identify the defendant as one of them. Richards when arrested had a red handkerchief and a revolver in the pocket of his overcoat. He was wearing a hat but had a cap in his pocket. The police then went back along the walk to the house in question and, at the foot of the stairway leading up to the rooms said to have been entered, found a blue handkerchief. There is some confusion as to the color of the handkerchief in Richards' pocket and the one found at. the foot of the stairs though the witnesses agree that the one was blue and the other red. As a witness in his own behalf appellant does not deny his statement to the police, "I was there," but swears he did it at Richards' request and swears that he was not in fact present and had no part or hand in the crime. He also claims to have been in another part of the city at or near the time of the offense and in this he offers some corroboration.

The foregoing are in substance the material facts or alleged facts as revealed by the evidence.

I. Error is assigned upon the ruling of the court admitting in evidence the revolver, cap and handkerchief found in the possession of Richards and the handkerchief found at the foot of the stairs. It is argued that none of these things were shown ever to have been in appellant's possession and their production on the trial had no tendency to convict him of the crime. But it was shown that the breaking and entering was done by two men; that these men were armed with

1. CRIMINAL LAW: demonstrative evidence: guns, etc.

revolvers; that they were masked with handkerchiefs, one red and the other blue. With these circumstances shown the finding of articles of this character on the man caught in flight from the premises had a strong tendency to identify him as one of the culprits. Evidence tending to show the guilt of Richards and that he was assisted in his crime by another person was material and proper to give point and meaning to appellant's admission when confronted with the charge, "Yes, I was there." There was no error in the ruling complained of.

II. The sufficiency of the evidence to maintain the verdict is questioned by counsel who insists in argument that the record does no more than to implicate Richards and has no tendency to connect appellant with the offense charged. We do not so view the effect of the testimony. If the jury believed the state's witnesses, the *corpus delicti,* the fact of a felonious breaking and entering by two men acting together, was abundantly proved. That Richards was one of the offenders is also sufficiently proved. When therefore the appellant, being arrested and confronted with the charge that he was one of the two who committed the crime, and being informed that Richards had implicated him therein, said, "Yes, I was there," or words to that effect and stated that they had made the entrance by the front stairway, this fact or statement had a very direct tendency to connect him with the commission of the offense. True, it did not amount to a confession for it may have been literally true that he was there in or about the rooms and yet have had no hand in the burglary. But such admission made in the face of an accusation of crime, without further statement or explanation, afforded reasonable ground for the conclusion that he was a party to the felonious act. Such appears to have been the finding of the jury and we cannot set it aside as being against the evidence.

2. BURGLARY: *corpus delicti* established: verdict: sufficiency of evidence to support.

Counsel say that if the statement is not to be treated as a confession there can be no conviction upon the mere admission by the accused of a material fact without other corroborating evidence. We have a statutory provision to the effect that conviction upon the confession of the accused cannot be had without other proof that the offense was committed: Code Sec. 5491. The other proof here required goes only to the fact that the crime alleged has been committed, and it may be sufficient even though it has no tendency to connect the accused therewith. If it be thought this statute has any application to this case there is direct "other proof" of the alleged burglary committed by some person or persons and, as we have seen, the admission of defendant that he was there sufficiently points to him as one of the persons engaged in the unlawful act. The *corpus delicti* being established there is no statute or rule of law making the defendant's admission of a fact tending to implicate him in the crime insufficient to sustain a conviction.

The defendant's alibi was not well sustained. He was, according to his own story, in the city and at most but a few blocks distant from the building which was entered and none of the testimony offered in his behalf places him so far away from the scene of the crime as to preclude the possibility of his having participated therein. The hour when the burglary was committed is stated variously at from "about" 7:30 to 8:00 o'clock P. M. One of the appellant's witnesses testifies to seeing him leave a barber shop six blocks away at 7:15 and another witness says he arrived at her house a few minutes before 8:00 o'clock; another saw him on Tenth Street "about" 8:00 o'clock. Whether this evidence was to be believed, and if believed, whether it was sufficient to establish the alleged alibi was clearly a question for the jury.

3. CRIMINAL LAW: alibi: evidence justifying rejection.

III. The point is made that the court erred in instructing the jury upon the crime of conspiracy when no such offense

was charged. But the court did not instruct upon or submit
to the jury the question of appellant's guilt
4. CRIMINAL
LAW: crime:
commission
through con-
spiracy: in-
structions.
of conspiracy. What the court did, and
properly, was to instruct the jury upon the
elementary proposition of the law of this state
that all persons concerned in the commission of a public offense
are guilty as principals and that if the defendant and Richards
were engaged in the commission of the alleged burglary pur-
suant to any common or concerted purpose or any combination
or conspiracy between them, then each was liable for the acts
of the other in carrying out such wrongful purpose to the
same extent as if done by himself. This instruction or its
equivalent is always pertinent where it is claimed and the
evidence tends to show that the alleged crime has been per-
petrated by two or more persons acting together.

The conclusions we have already announced dispose of all
the assignments of error argued. The evidence is sufficient
to sustain the verdict; there is no prejudicial error in the
rulings upon the admission of testimony; the instructions
fairly state the law applicable to the case, and the judgment
of the district court is—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.