STATE OF IOWA v. THE DES MOINES UNION RAILWAY COMPANY, appellant, and six other cases each entitled:

THE STATE OF IOWA v. F. M. HUBBELL SON & COMPANY (INCORPORATED), appellant.

**Disorderly house:** INDICTMENT: DUPLICITY. Under Code, section 4941, the leasing of a house with knowledge of the lessee's intention to use the same for immoral purposes, and knowingly permitting such use subsequent to the leasing, are separate and distinct offenses and may be so charged in an indictment; and since they are not repugnant to each other they may be alleged conjunctively in one indictment without duplicity.

**Same:** LOCATION OF BUILDING. In alleging the offense of letting a house for immoral purposes, the crime charged is against the lessor rather than the property; so that the indictment need not particularly describe the place, but is sufficient if locating it within the county.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

TUESDAY, MARCH 10, 1908.

THE defendant in each of the seven cases was indicted for having leased a house for the purpose of prostitution and lewdness. To each indictment a demurrer was interposed, which was overruled, and the defendant in each case, having elected to stand on the ruling and refused to plead over, was condemned to pay a fine, and appeals. By agreement the seven cases are submitted together.— *Affirmed.*

*N. T. Guernsey,* for appellant.

*H. W. Byers,* Attorney General and *Chas. W. Lyons,* Assistant Attorney General, for the State.

LADD, C. J.— The only points raised by the demurrers to the several indictments are whether they are bad (1) because of duplicity; and (2) uncertainty. All were alike save in the names of lessees, and alleged that the defendant " on or about the 7th day of November, A. D. 1905, in the county of Polk, in the State of Iowa, did willfully and unlawfully let a certain house and building then and there situated in Polk county, Iowa, to one Sadie Stanley, knowing that the lessee thereof intended to use such house and place so let by the defendant as a house, place and resort for the purpose of prostitution and lewdness, and did, willfully, unlawfully, and knowingly permit said lessee to use such house and place for the purpose of prostitution and lewdness." The offense sought to be charged is defined by section 4941 of the Code: " If any person let any house, knowing that the lessee intends to use it as a place of resort for the purpose of prostitution and lewdness, or knowingly permit such lessee to use the same for such purpose, he shall be fined not exceeding three hundred dollars, or imprisoned in the county jail not exceeding six months." From this it appears that either of two transactions may constitute the offense: (1) Letting the house, knowing the intention of the lessee to use it for the illegal purpose; and (2), after letting, knowingly permitting such lessee to so use it. This permission has been interpreted as involving an affirmative assent of the landlord to such use. *State v. Abrahams,* 6 Iowa, 117; *State v. Ballingall,* 42 Iowa, 87. Either of the acts described may constitute a separate and distinct offense, and be so charged in an indictment. And both may be alleged in one indictment without rendering it vulnerable to the objection of charging two

*1. DISORDERLY HOUSE: indictment: duplicity.*

offenses. The doctrine is firmly established in this State and elsewhere that when several acts are enumerated disjunctively as constituting an offense, and are not repugnant to each other, they may be alleged conjunctively in an indictment without duplicity. *State v. Wick,* 130 Iowa, 31; *State v. Loser,* 132 Iowa, 419; *State v. Phipps,* 95 Iowa, 491, and cases cited. And the rule was applied to this identical statute in *State v. Abrahams,* 6 Iowa, 117. The cases relied on by appellant are not in point. In *State v. Ridley,* 48 Iowa, 372, and *State v. Finnegean,* 127 Iowa, 288, two different crimes were included in the same indictment. In *State v. Terrill,* 76 Iowa, 149, the conjunctive was not employed, but the several transactions alleged in separate counts. No doubt the circumstances of the acts described in the statute may be such that both might not properly be charged in the same indictment, and an indictment might be so drawn alleging both as to be open to the charge of duplicity. Counsel have imagined some illustrations. It is enough, for the purposes of these cases, that the indictments were so drawn as to avoid the criticism of duplicity and in conformity with well-settled principles of criminal pleading.

II. The second ground of the demurrer is equally void of merit. Each indictment named the lessee, but did not allege the location of the building leased, save as being in the county. In *State v. Shaw,* 35 Iowa, 575, the court held that as an indictment accusing a person of keeping a " house of ill fame, resorted to for the purpose of prostitution or lewdness," was against the individual, and not the house, it was sufficiently certain in charging the offense to have been committed within the county. At the common law keeping a house of ill fame was a misdemeanor, and there is much authority to the effect that a landlord who leased a house for that purpose was guilty as an aider and abettor in the offense. *Commonwealth v. Harrington,* 3 Pick. 26; *Harlow v. Commonwealth,* 11 Bush. (Ky.) 610; *Territory of Dakota v. Stone,* 2 Dak. 156 (4 N.

2. SAME: location of building.

W. 697). See *State v. Wheatley,* 4 Lea (Tenn.) 230. *Contra:* *State v. Lewis,* 5 Mo. App. 465; *Brockway v. People,* 2 Hill (N. Y.) 558. The controversy is disposed of by the Code definitions making of them separate offenses. *State v. Pearsall,* 43 Iowa, 630. Nevertheless the two are closely related, and there is no reason for exacting a more definite description of the location of the premises in charging the one offense than the other. If the one indictment might be sustained by proof that any house in the county was so let, the other might be upon proof that it was so kept. If the landlord might have leased many houses, the tenant could be equally general in his disobedience of the law. An allegation as to the *locus* of this offense is no more essential to its identification than in charging the offense of keeping a house of ill fame or that of maintaining a liquor nuisance, in each of which it is sufficient to say that the house or place was within the county.

The several demurrers were rightly overruled, and the judgment in each case is *affirmed.*