JAMES *v.* CITY OF CLEVELAND.

(Decided June 25, 1923.)

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Mr. Lee E. Skeel,* for defendant in error.

VICKERY, P. J. Edwin W. James was arrested and brought before the criminal branch of the municipal court, for failure to make a report of an accident happening at a grade crossing. He was a motorman on one of the Cleveland Railway Company's cars, and he had an accident in which some one was injured at a grade crossing upon Warner road, I believe, and he was found guilty of violating the ordinance of the city of Cleveland which required him to make a report of this accident to the police department of the city.

It is claimed by the plaintiff in error that he did not have a fair trial, because he was charged with failing to report an accident occurring at Warren road, and that there were at least two Warren roads, and it then turned out that it was not Warren road at all, but Warner road.

We do not think it was necessary to charge any particular road. If the operative facts were in existence which brought him within the ordinance, the charge was sufficient so long as the accident occurred

within the city of Cleveland, without naming the street or the road.

The most serious proposition, however, is the claim that the ordinance itself is unconstitutional. Part of the ordinance in question is as follows, being Section 2274 of the Revised Municipal Code of the City of Cleveland:

"Every person driving or operating a locomotive, street car, or other vehicle within the city, involved in a grade crossing accident, or an accident which caused injury to any person, or which results in a vehicle becoming so disabled as to be incapable of being propelled in its usual manner, shall give immediate notice and make full report thereof to the police department of the city of Cleveland, upon blanks furnished by the department upon application."

We understand that the motorman in this case did not report this accident to the police department, and upon application to make a report he frankly refused to make the report, claiming that the ordinance itself was unconstitutional.

We have heard the arguments in this lawsuit, and our attention has been called to the authorities, and while we are very loath to declare a law unconstitutional, unless it be clearly and manifestly so, yet we think that this law is unconstitutional in imposing a burden upon a driver of a vehicle that the law has no right to impose.

It is argued that it is compelling one to perform labor for which he gets no compensation. This does not appeal to me, at least, of the court, as being very important, but there are some things about this ordinance that will not bear close scrutiny. The driver

must make a full report. Now, what is a full report? If he leaves out anything that the police think should be included, he is liable to arrest and punishment, and he must do so at once, upon blanks to be furnished by the department upon application, and, if he fails to do it, any one of the persons in either of the vehicles must do it, and if they fail to do it, they are liable to be arrested.

We can imagine a case where the Pennsylvania Railroad Company has a passenger train coming across Woodland avenue towards the Union depot, hits an automobile, and has an accident at that grade crossing. The engineer is killed. The fireman is killed or incapacitated from making an immediate report. There may be 500 passengers on that train. Each one of those passengers would be liable to an arrest and fine, and, upon not paying the fine, would be liable to imprisonment because he did not make, or refused to make, a report of the accident.

We think that the ordinance is so involved, and the language in it so loosely used, that it would be impossible for anyone driving a car, locomotive, or any other vehicle, to determine what sort of a report he should make.

Another thing: The ordinance calls for a full report. Now, a full report means telling all about it, how it happened, and who was at fault. We will suppose that a person is killed, and we will say that the party driving the vehicle or the locomotive was guilty of negligence. He is guilty of manslaughter then. To compel him to make a full report of that, and of course a full report means a true report, would necessarily furnish evidence which might convict him of an offense which might send him to the

penitentiary. We think the purpose of it would be to compel a man to talk and incriminate himself.

This is no fanciful argument. Such cases are likely to happen any day. In fact they do happen, and men are held for manslaughter in accidents of this kind, and to compel them, under a penalty, to talk, is contrary to the Constitution of the United States and the Constitution of Ohio, and to all the rules of law with respect to a man not being compelled to incriminate himself.

We think that this ordinance is clearly unconstitutional, because it is so indefinite as not to inform a party exactly what he is to do, and because it compels persons who are in no way to blame, under the penalty of the law, to make a report, and for the further reason that it compels persons to incriminate themselves.

We cite the following authorities to support our views: *Horton* v. *State,* 85 Ohio St., 13, 96 N. E., 797, 39 L. R. A. (N. S.), 423, Ann. Cas., 1913B, 90; *Du Brul* v. *State,* 80 Ohio St., 52, 87 N. E., 837; *Dillingham* v. *State,* 5 Ohio St., 280; and the decision of our own court in the case of *Henry* v. *Cleveland,* 27 O. C. A., 321, at page 326.

Other reasons might be urged, but we think this is sufficient.

The judgment of the court below is therefore reversed, and a judgment is entered for the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

SULLIVAN and LEVINE, JJ., concur.