REMBRANDT v. CITY OF CLEVELAND.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8455. Decided Oct. 31, 1927.

Syllabus by Editorial Staff.

801. MUNICIPAL LAW—874. Ordinances —291. Constitutional Law—Ordinance, requiring driver of automobile involved in accident, to make report to police department held unconstitutional.

Error to Municipal Court.

Judgment reversed.

S. J. Friedman, Cleveland, for Rembrandt.
Burt Griffin, Cleveland, for City.

STATEMENT OF FACTS.

Samuel Rembrandt was found guilty of failing and refusing to make a police report under Sect. 2516 of the City Ordinances of the City of Cleveland, a portion of which is as follows: "Every person driving or operating * * * a vehicle within the city, involved in an accident which caused injury to any person, or which results in a vehicle becoming so disabled as to be incapable of being propelled in its usual manner, shall give immediate notice and make full report thereof to the police department of Cleveland * * *."

OPINION OF COURT.

The following is taken verbatim from the opinion.

SULLIVAN, PJ.

The constitutionality of the ordinance is attacked on the ground that it is in contravention of Article 5 of the amendments to the Constitution of the United States, which provide that no person shall be compelled in any criminal case to be a witness against himself, and Section 10 of Article 1 of the Bill of Rights of the Constitution of the State of Ohio, which provides that no person shall be compelled in any criminal cause to be a witness against himself. Section 2788 of the General Code makes it a criminal offense to make a false report, and the effect of Section 2516, it is charged, is that any person, included in the ordinance, who complies with its terms in making a full report, may convict himself of the crime.

In the case of James v. Cleveland (City), decided by this court June 25, 1923, in the opinion of the court written by Vickery, J., this very ordinance in the case at bar was held to be unconstitutional on the authorities laid down in Henry v. Cleveland (City), 27 Oh. Ap. 326, in an able opinion by Leighly, J.; Horton v. State, 85 OS. 13; DeBrul v. State, 80 OS. 52, and Dillingham v. State, 5 OS. 280.

The ordinance provides, among other things,

that a full report of the accident shall be made to the police department of the City of Cleveland, upon blanks furnished by the Department, upon application. This means that, under compulsion, the operator of the vehicle must answer in writing, to which he obviously must attach his signature, all questions concerning the details of the accident, and inevitably these answers, in cases of collision, would involve the question of penalties in criminal cases ranging, as before noted, from fines to imprisonment, for a felony, in the penitentiary. Thus it is plain that the section in question is unconstitutional and our holding is based upon what is apparent upon the record in the case at bar and upon the authorities above cited.

The trial and conviction below is without authority in law, and it is our unanimous judgment that the plaintiff in error was unlawfully convicted. Thus holding, the judgment of the lower court is reversed and the defendant is discharged.

(Levine and Vickery, JJ., concur.)