STATE OF IOWA, Appellee, v. WAYNE KENNY, Appellant.

No. 43429.

JULY 31, 1936.

Edward L. O'Connor, Attorney General, Walter F. Maley, First Asst. Attorney General, and H. J. Williamson, County Attorney, for appellee.

H. J. Swift, for appellant.

MITCHELL, J.—On the 14th day of May, 1934, the county attorney of Delaware county filed an information, in which he accused Glen Frank, Lloyd Smith and Wayne Kenny of the crime of larceny of a motor vehicle, contrary to section 13011 of

the Code of 1931. Wayne Kenny entered a plea of not guilty. There was a trial to a jury, which found him guilty. From this verdict he has appealed.

I. It is first the claim of the appellant that the crime as charged in the information has not been proved and that there was no evidence connecting him with the offense.

To ascertain the facts we must turn to the record.

Glen Frank, Lloyd Smith and Wayne Kenny lived in Delaware county. They were friends and worked together at times. On the 24th day of April, 1934, they were together until some time around 8 o'clock that evening. Prior to that time they had discussed going west—whether for a trip or for the purpose of locating, the evidence does not show. On that night, sometime between 9 and 9:30 Glen Frank stole an automobile which was parked on the streets of Manchester, belonging to one Paul Sauser, and, after stealing the car he drove out into the country, where he met Smith and Kenny. A little later the three of them stole from a farmer a barrel containing gasoline and a milk can of oil. Then they separated. On the following night, after dark, Frank and Smith drove the stolen car to Kenny's home and the three of them started for the west, but the alert eye of the law saw them as they were passing thru South Dakota and they were arrested. They were returned to Iowa and Frank and Smith entered pleas of guilty. Kenny, however, denied being guilty, and stood trial.

That the car was stolen is not denied, but it is claimed that Kenny had no knowledge of it and that there was no prearranged plan to steal the car. The evidence shows that these three men had been together until shortly before the car was stolen, on that that very night; they had discussed taking a trip to the west; that immediately after stealing the car Frank drove to the country, where he picked up the appellant and Smith and they then stole the gasoline and oil, Kenny taking part in that affair; that the next evening Frank and Smith drove the stolen car, in which were the gasoline and oil that had been stolen, to Kenny's home, and he joined them in the trip that started towards the west but ended in South Dakota. The deputy sheriff who brought the men back, testified that Kenny said, "We took the car"; that he (Kenny) admitted taking it; that he knew about taking the car.

In view of the circumstances and facts so clearly proved in

this case, in view of the admissions that Kenny made—which were not denied by Kenny for he did not see fit to take the witness stand—clearly, there was sufficient evidence to submit the case to the jury and to justify the jury in returning the verdict it did return.

In the case of State v. Gorman, 168 Iowa 216, at pages 219-220, 150 N. W. 9, 11, this court said:

"The sufficiency of the evidence to maintain the verdict is questioned by counsel who insists in argument that the record does no more than to implicate Richards and has no tendency to connect appellant with the offense charged. We do not so view the effect of the testimony. If the jury believed the state's witnesses, the *corpus delicti*, the fact of a felonious breaking and entering by two men acting together, was abundantly proved. That Richards was one of the offenders is also sufficiently proved. When therefore the appellant, being arrested and confronted with the charge that he was one of the two who committed the crime, and being informed that Richards had implicated him therein, said, 'Yes, I was there,' or words to that effect and stated that they had made the entrance by the front stairway, this fact or statement had a very direct tendency to connect him with the commission of the offense. True, it did not amount to a confession for it may have been literally true that he was there in or about the rooms and yet have had no hand in the burglary. But such admission made in the face of an accusation of crime, without further statement or explanation, afforded reasonable ground for the conclusion that he was a party to the felonious act. Such appears to have been the finding of the jury and we cannot set it aside as being against the evidence.

"Counsel say that if the statement is not to be treated as a confession there can be no conviction upon the mere admission by the accused of a material fact without other corroborating evidence. We have a statutory provision to the effect that conviction upon the confession of the accused cannot be had without other proof that the offense was committed: Code section 5491. The other proof here required goes only to the fact that the crime alleged has been committed, and it may be sufficient even though it has no tendency to connect the accused therewith. If it be thought this statute has any application to this case there is direct 'other proof' of the alleged burglary committed

by some person or persons and, as we have seen, the admission of defendant that he was there sufficiently points to him as one of the persons engaged in the unlawful act. The *corpus delicti* being established there is no statute or rule of law making the defendant's admission of a fact tending to implicate him in the crime insufficient to sustain a conviction.''

II. The appellant complains of certain instructions given by the court to the jury. Instruction No. 1, when read and construed and considered with all of the instructions given in the case, in no way infringed upon any of appellant's rights. It has been the recognized rule of this court that instructions, if, when read, construed and considered as a whole, they correctly state the law, error may not be predicated on isolated portions of the same. State v. McCutchan, 219 Iowa 1029, 259 N. W. 23.

It is of course impossible for the trial court to state all the law or attempt to do so in any single paragraph of the instructions given. The complained of instruction plainly requires the jury to find defendant guilty beyond a reasonable doubt, and therefore is as favorable an instruction as he was entitled to have.

Complaint is also made in regard to Instruction No. 7, for the reason that it places the burden of proof on appellant and requires him to explain the possession of the motor vehicle in question.

In the case of State v. Fortune, 196 Iowa 995, at pages 997 and 998, 195 N. W. 740, 741, this court said:

''Lastly it is claimed that the instruction bearing on the 'possession of goods recently stolen' is not in harmony with our prior decisions. This question has frequently been before this court and it is not strikingly strange that some inconsistency in statement should be found in opinion. In the instant case the jury was instructed in substance that the possession of goods recently stolen from a building by breaking and entering, without reasonable explanation that the goods were obtained otherwise than in the commission of the crime of breaking and entering, is sufficient evidence to warrant the conclusion that the person having such possession is the person who broke and entered the building, unless the evidence showing such possession and other facts and circumstances as disclosed by the evidence, create a reasonable doubt whether the person so having possession of said goods came into the possession of same otherwise than by

the breaking and entering of the building in which such goods were kept.

"Clearly the intent and content of this instruction would not be misunderstood by a jury. Its language is not subject to the criticism which frequently finds a place in our opinions as neither by reference nor inference is there indicated a presumption of guilt to be overcome by the defendant. See State v. Ivey, 196 Iowa 270, 194 N. W. 262. The recent possession by the defendant of goods taken from a building feloniously broken and entered is an evidential fact and unless the evidence in relation to that possession and the explanation thereof creates a reasonable doubt of the defendant's guilt, a jury is justified in returning a verdict of guilty. In other words, if the evidence shows beyond a reasonable doubt that the goods, wares and merchandise in question were taken at the time of the breaking and entering and that said goods were recently in the possession of the defendant a jury is warranted in finding him guilty. We adhere to the rule concisely stated in State v. Perry, 165 Iowa 215, 145 N. W. 56. It is said, 'If the stolen goods, or a part of them, were found in the possession of the defendant recently after the larceny, this, in and of itself, would be enough, if his possession was unexplained, to justify a jury in finding that he was the man who committed the crime charged.' The defendant is in a position to explain that possession and this circumstance does not relieve the State of its burden of establishing the essential ingredients of the crime charged beyond a reasonable doubt."

In view of the case cited the lower court was right in the instruction it gave, wherein it said that "where such possession is unexplained, a permissible inference arises that the party so found in possession thereof is guilty of the larceny, and may warrant a verdict of guilty."

Other objections are made to the instructions given by the court, all of which have been carefully examined, and we find that the appellant was given a fair trial and that the cause was submitted upon proper instructions.

It therefore follows that the judgment of the lower court must be, and it is hereby, affirmed.—Affirmed.

PARSONS, C. J., and all Justices concur.