C. McWHIRTER v. THE STATE.

No. 22846. Delivered May 17, 1944.

The opinion states the case.

*Scarborough, Yates & Scarborough,* of Abilene, and *Howard C. Davidson,* of Rotan, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

About 8:30 o'clock on the night of September 14, 1943, Mrs. Hariman and her four children (Jessie Mae, age 13; Betty Marie, age 11; Billie Reece, age 6; and Kenneth Leon, age 2 1/2) left their home, in Rotan, to go to the home of her mother, two blocks away. As they were walking in the ditch paralleling the highway, they were all struck by a truck. Kenneth Leon, youngest child, who, at the time, was being carried by Jessie Mae, was killed. Appellant was charged with, and convicted of, having caused the death of the deceased by driving his automobile upon a public highway while intoxicated, under the provisions of Art. 802c, P. C. His punishment was assessed at confinement in the penitentiary for two years.

Although Mrs. Hariman, Jessie Mae, and Betty Marie testified upon the trial of the case, neither was able to identify the

car that struck them, because they were rendered unconscious by the impact.

The State's case is circumstantial and depends largely upon the testimony of the witness Cooper, who, with his wife, was driving down the highway, when he saw a pick-up truck pulling upon the highway from the side or edge where the accident occurred. He stopped, gave assistance to the injured parties, and, when others living in the immediate vicinity of the scene of the accident arrived, started in pursuit of the truck that he had seen. He overtook it and appellant was the driver thereof. He informed appellant of the fact of the collision and that he had apparently hit some people. Appellant neither confirmed nor denied knowledge of the collision. Later, appellant returned to the scene of the accident, and also to the hospital, where the victims had been carried. Statements made by appellant at that time, as well as later, together with the fact that he offered to pay and did pay the burial expenses for deceased, and the hospital expenses, were offered as circumstances showing guilty knowledge on his part.

Whether or not appellant was intoxicated at the time of the accident was a closely contested issue. Upon this question, the facts are sufficient to support the jury's conclusion.

Appellant, testifying as a witness in his own behalf, denied having driven his pick-up into, or having struck, the deceased and injured parties. He denied any knowledge of or connection with the accident, and asserted that his first information regarding the same was from the witness Cooper. He explained the fact that his truck was off the road, when it was seen by Cooper, at the scene of the accident, by saying that a fire had broken out in his truck; that he drove off the highway at that point for the purpose of putting out the fire; and that this was the only time his truck was off the highway. The effect of this testimony was that, if he did, in truth and in fact, strike the victims with his truck, it was by reason of the fact that his truck was on fire, and was not occasioned by his being intoxicated. There was testimony to the effect that appellant's truck showed to have been on fire. In fact, some fire was yet in the cushion after the truck had been stopped and examined. Appellant's hands were badly blistered from fire.

Appellant, by special requested charge, as well as by exception to the court's charge, requested that the jury be instructed affirmatively, from his standpoint, upon the defensive theory

above mentioned, and to the effect that, if the jury believed that the collision was the result of, or was caused by, his having driven his truck off the highway as a result of, or to put out, the fire therein—regardless of whether he was intoxicated—he would be entitled to be acquitted. The trial court refused such an instruction.

In prosecutions of this nature, the fact of intoxication on the part of the driver of the motor vehicle is an essential element, and there must be causal connection between such intoxication and the ultimate death of the deceased. Such is exemplified by what we said in Norman v. State, 121 Tex. Cr. R. 433, 52 S. W. (2d) 1051, as follows:

"It is not enough that he be intoxicated while driving his car on such highway, but his such driving must cause the death of the other party."

Also, in Burton v. State, 122 Tex. Cr. 363, 55 S. W. (2d) 813—a case similar in nature to that here presented—we said:

"In the case before us, and any such case, the trial court should submit to the jury the issue as to whether the accident or mistake resulted from the fact of the driver being under the influence of intoxicating liquor or from a cause or causes not reasonably growing out of or resulting from such condition, and the jury should be told to acquit if the later condition be true."

See also: Moynahan v. State, 140 Tex. Cr. R. 540, 146 S. W. (2d) 376; Ruedas v. State, 143 Tex. Cr. R. 291, 158 S. W. (2d) 500.

Under the facts here presented, the conclusion is reached that the defensive theory mentioned was raised and should have been submitted to the jury.

If appellant, by his intoxicated condition, drove his truck into, and killed, the deceased, and therby produced this very sad and unfortunate situation, he should be punished as the law provides. On the other hand, if the death of the deceased was the result of an accident only, and if it was entirely disconnected from and disassociated with his intoxication, he is not guilty as charged. It was for the jury to determine such fact, under a proper instruction from the trial court.

In view of another trial, we call attention to the following matters relative to the State's case:

Notwithstanding the fact that appellant's truck was searched and examined soon after the accident, there is a lack of any testimony showing that blood was found on any part thereof, or any evidence suggesting that the truck had recently struck any person. There is testimony showing that the grill on the front of the truck was mashed in, or was broken, and other dents on the front of the truck, but there is no testimony showing that such were recently made. All witnesses agreed that the truck was an old one—that it was some three or four years old. Appellant's assertion that the condition of the truck was the same after the accident as before was not challenged by any testimony. There is no testimony showing that any car tracks led from the highway down into or out of the ditch where the victims were found, or any other physical facts tending to show that appellant's truck was the one which inflicted the injury to the deceased. There is no testimony indicating whether the truck that struck the victim did so from in front of or behind them. There is no testimony as to the direction in which or from which appellant's truck was traveling at the time Cooper saw it.

If there be available to the State testimony, upon the matters mentioned, tending to further identify appellant's truck as the motor vehicle which struck and caused the death of the deceased, we suggest that it be supplied upon another trial.

For the error mentioned, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.