STATE OF IOWA, appellee, v. GILBERT DAVIS, appellant.

No. 48133.

(Reported in 56 N.W.2d 881)

D. W. Harris, of Bloomfield, and Herbert F. Box, of Ottumwa, for appellant.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Samuel O. Erhardt, County Attorney, for appellee.

WENNERSTRUM, J.—On January 10, 1952, defendant, Gilbert Davis, was indicted by the grand jury of Wapello County, Iowa, and charged with the crime of giving and supplying liquor to a minor under the age of twenty-one years and in violation of section 123.43 of the 1950 Code of Iowa. The defendant entered a plea of not guilty and upon trial the jury found him "* * * guilty of giving or supplying intoxicating liquor to one Ronald Guthrie, a minor child under the age of 21 years * * *." The trial court thereafter overruled defendant's motion for new trial and sentenced him to a term in the county jail of Wapello County. The defendant has appealed.

On December 8, 1951, the appellant, Gilbert Davis, went to the home of Paul Carder in Ottumwa. Mrs. Carder is the sister of Ronald Guthrie, the minor here involved. At the time the appellant arrived at the Carder home, about 6 p.m., the Carders were eating their evening meal. Young Guthrie who had arrived about this time suggested to Carder that the two of them go to a show, but Carder stated he could not do so. About that time Guthrie went into the front room of the home and visited for a time with the appellant, Davis. Thereafter Davis left the Carder residence for the purpose of obtaining some whisky. Before his departure Mrs. Carder stated that she did not approve of whisky being brought into her home and being consumed there. Within an hour's time the appellant returned to the residence and had with

him two bottles of whisky and twenty-four bottles of "Coke." These beverages were originally left on the porch.

There is a variance in the testimony regarding what happened during the period after Davis returned. However, inasmuch as the sole question presented as a ground for reversal pertains to an instruction given, we shall not set out the respective contentions relative to the disputed facts. The State's evidence shows that the appellant brought the whisky and "Coke" from the porch into the Carder home during the time a card game was being played. It is further shown that the appellant opened the whisky and mixed the drinks and passed them around the table. Young Guthrie testified that the appellant was the only person who poured him any whisky, that he did not pour any himself and that during the evening he had eight or ten drinks of whisky and "Coke." The minor further testified that he did not contribute any money for the purchase of the whisky and the "Cokes." Carder also stated that he did not contribute any money for the liquor. It is, however, appellant's contention that Carder gave him five dollars to purchase the whisky, that he had paid for one bottle out of his own money and paid for the other bottle out of the money given him by Carder. He denied that he had mixed drinks for young Guthrie, who was approximately eighteen years of age at the time of the incident here involved.

As heretofore noted the appellant presents only one ground for reversal and maintains that the trial court erred in giving an instruction which is in part as follows:

"If the defendant furnished the intoxicating liquor which was consumed by the minor, and gave it to the minor, or permitted the minor to consume such liquor knowing that the person consuming the liquor was a minor, or without exercising reasonable care to ascertain whether such person was a minor, he would be guilty of the crime charged."

It is the appellant's contention that the giving of this instruction constituted error because of the inclusion of the phrase "or permitted the minor to consume such liquor knowing that the person consuming the liquor was a minor, or without exercising reasonable care to ascertain whether such person was a minor." It is maintained (1) that the last quoted part resulted in the inclusion of a separate and distinct offense in the instruction with

which the defendant was not charged in the indictment; (2) that the instruction was not a full and complete statement of the law in that it did not tell the jury that section 123.43, 1950 Code, necessarily carries with it an implied provision that before a defendant can be guilty of a violation of the statute by knowingly permitting a minor to consume intoxicating liquor, the person charged must be under some legal right or duty to forbid or prevent the consumption of such intoxicating liquor; (3) the court failed to define the term "knowingly permitted"; (4) that it failed to define or set forth the extent of the duty of the appellant with reference to "knowingly permitting the consumption of intoxicating liquor by the minor"; and (5) that the court failed to tell the jury that before they could find the appellant guilty of "knowingly permitting the consumption of liquor by the minor", they must first find that it was legally and physically possible for the appellant to have prohibited the consumption of such liquor by such minor.

Section 123.43, 1950 Code, the statute here involved, is as follows:

"Minors. Except in the case of liquor given or dispensed to a person under the age of twenty-one years by parent or guardian for beverage or medicinal purposes or as administered to him by either the physician or dentist for medicinal purposes no person shall sell, give, or otherwise supply liquor to any such person under the age of twenty-one years, or knowingly permit any person under that age to consume alcoholic liquors."

I. There is no denial of the fact that the appellant brought the liquor into the Carder home. In ruling on the motion for a new trial the trial court very aptly commented on the situation in the present case, stating: "In this case there isn't any question at all but what the defendant furnished and produced the liquor in the house. He admits that he got two fifths of whisky and took it into that house and set it up there, and also brought the Coke with which it was to be used for spiking."

The court then quoted the instruction heretofore set out and stated:

"If I walk into a room and see a half a dozen boys, if they

are only six years of age drinking beer it is not my duty to go in and separate those boys from their liquor. I am not made a police officer. If I take that beer in there and set it down before them, and let them drink it, I am responsible. That is what this instruction says. It starts right out by saying, 'If the defendant furnished the liquor'. That is what the defendant said he did do. The only question was whether or not he actually handed it to him or set it down and let him pick it up."

In the case of People v. Neumann, 85 Mich. 98, 102, 48 N.W. 290, 291, in passing upon a case involving a statute somewhat similar to the Iowa statute here involved, it is stated:

"If the liquor, belonging to the person and under his control, is, by his consent or connivance, permitted to be taken and drank by the minor, whether it is passed to him direct or through the hands of another is immaterial; the liquor in either case is furnished to such minor, within the meaning of our statute."

■ There is only one offense set forth in the statute. It is true that it could be violated by the giving or supplying of liquor to a minor and it would also be a violation of the statute if a person knowingly permit a minor to consume alcoholic liquors. We do not see how it can be said that in referring in the instruction to the permitting of a minor to consume liquor a reference was thereby made to a separate offense. This statement in the instruction was but an amplification of the statute, the violation of which was the charge against the appellant.

The statute in State v. Abrahams, 6 (Clarke) Iowa 117, 120, 71 Am. Dec. 399, made it a crime to let a house knowing the lessee intended to use it for prostitution or to knowingly permit such lessee to use it for such purpose. The court held the indictment in several counts did not charge distinct offenses. See also State v. Des Moines Union Ry. Co., 137 Iowa 570, 572, 115 N.W. 232, and State v. Beckwith, 242 Iowa 228, 246, 247, 46 N.W.2d 20.

In the instant case the giving and supplying of liquor to the minor here involved and knowingly permitting this person to consume the liquor are all part of the same transaction and it is our conclusion that it constitutes only one offense or crime.

■ II. It is true that the counsel for appellant raised the

question relative to the claimed inclusion of two separate offenses in discussing the instructions before their submission to the jury. However, counsel did not submit any requested instructions. If appellant deemed it advisable and necessary to have the term "knowingly permit" defined and more definitely commented upon he should have requested it. State v. Hofer, 238 Iowa 820, 833, 28 N.W.2d 475; State v. Critelli, 237 Iowa 1271, 1284, 24 N.W.2d 113, and cases cited; State v. Griffin, 218 Iowa 1301, 1312, 254 N.W. 841, and cases cited.

III. We have repeatedly held that a particular instruction should be construed in connection with the entire set of instructions submitted. State v. Rutledge, 243 Iowa 179, 192, 47 N.W.2d 251, 259, citing State v. Mart, 237 Iowa 181, 187, 20 N.W.2d 63, and State v. Katz, 241 Iowa 115, 120, 40 N.W.2d 41. And where the claimed error consists of an attack on a limited portion of an instruction which, if standing alone, might be misleading, it is not sufficient to constitute reversible error. State v. Neuhart, 228 Iowa 1055, 1060, 292 N.W. 791; State v. Kenny, 222 Iowa 279, 282, 268 N.W. 505.

We find no justification for reversal and therefore affirm.— Affirmed.

All JUSTICES concur except LARSON, J., not sitting.