PATRICIA M. BROWN, appellant, v. GLEN LEROY LYON, appellee.

No. 52005.

(Reported in 142 N.W.2d 536)

MAY 3, 1966.

Robinson & Robinson and Lawyer, Lawyer & Ray, all of Des Moines, for appellant.

Whitfield, Musgrave, Selvy & Kelly, of Des Moines, for appellee.

LARSON, J.—This action at law for personal injury damages sustained in a motor-vehicle collision near the intersection of Eighth and Locust Streets in Des Moines, Iowa, resulted in a verdict for defendant. Plaintiff's motion for a new trial, predicated upon the giving of an alleged improper supplemental instruction and an exclusion of testimony by an investigating officer, was denied and plaintiff appeals. We hold the instruction given was improper and a new trial should have been granted.

This accident occurred during a rush hour in downtown Des Moines on Saturday, November 16, 1963, at about 4:30 p.m. Locust Street at this place is a four-lane one-way east street. There is a stop-and-go light at the intersection of Eighth and Locust Streets, and it appears the automobile directly ahead of plaintiff in the second lane of traffic from the north curb had stopped for the light. Plaintiff and defendant, directly behind her, also stopped. As the light changed, the car ahead of plaintiff made a left turn into Eighth Street and stopped to pick up some children. But due to heavy pedestrian traffic, plaintiff could only move forward a car length and was again stopped by the light before she could enter the intersection. Defendant's automobile also moved up and the vehicles came together causing the alleged injury to plaintiff. Plaintiff testified defendant ran into her vehicle, but defendant's testimony was that she backed into his car.

At that time there were cars parked along the north curb of Locust Street with the exception of a space of about two car lengths near the intersection. On plaintiff's Exhibit "K" a sign on the left side of the street reads, "No Parking, Turn Lane." There was no other evidence or testimony regarding this sign or its meaning in the record. Plaintiff and defendant were not in that lane, but were in the next or second lane to the south. Plaintiff testified that after the collision she got out pencil and paper, expecting to exchange names with defendant, but that he

backed up, came alongside her in the lane to her right and, when the light changed, drove on toward the east. She took his license number, made a left turn, picked up her children, and drove home. Two days later when she discovered her injury, she called the police, who in turn sent Officer Mold to investigate. He interviewed plaintiff and, through the license number, located defendant, who also resided in Des Moines. After interrogating defendant at the factory where he worked, the officer found no evidence of "hit and run", the original purpose of his investigation, and filed his report as a simple accident report. When plaintiff attempted to cross-examine him in the trial as to admissions against interest, an objection that they were inadmissible under section 321.271, Code of Iowa, 1962, was sustained. Appellant complains of this ruling.

After both parties had rested, the court instructed the jury and it retired to deliberate. No objections to those instructions were made by either party. Subsequently, the jury foreman submitted to the court the following question: "If Mrs. Brown's car, being in the second lane of traffic, and not being in the lane clearly marked for 'Turn Lane,' was [this] in anyway contributory negligence on her part?" The court then gave the following supplemental instruction:

"You are advised that the laws of Iowa do not prohibit a left turn from a one-way street into another one-way street when the turn is made from the lane second from the left in the street from which the turn is being made where the left-hand lane is clearly marked as a turning lane. In this case the plaintiff was in such second lane from the left preparing to make a left turn. The fact that she was in such lane preparing to make a left turn, even though the lane to her left was marked as a turning lane, is not in and of itself illegal or negligent under the laws of Iowa. However, the law of Iowa further provides that local authorities in their respective jurisdictions may cause markers, buttons or signs to be placed within or adjacent to intersections and thereby require and direct that a different course of action be followed than those specified by the laws of the State of Iowa by vehicles turning at an intersection and when markers, buttons or signs are so placed, no driver of a vehicle shall turn a vehicle at an

intersection other than is directed and required by such markers, buttons or signs. You may consider whether or not under all of the circumstances the fact that such a turn was contemplated and the movements made by the plaintiff were those of a reasonably prudent person under the circumstances. It is for the jury to determine whether or not the action of the plaintiff, under these circumstances, in anyway contributed to the accident and the ensuing injury and damages."

Apparently this instruction had not been submitted to counsel before being given, but in her motion for a new trial plaintiff complained of its propriety, as well as the rejection of the officer's testimony.

I. While the jury is deliberating, the court may in its discretion further instruct the jury. Rule 197, Rules of Civil Procedure, states: "While the jury is deliberating, the court may in its discretion further instruct the jury, in the presence of or after notice to counsel. Such instruction shall be in writing, be filed as other instructions in the case, and be a part of the record and any objections thereto shall be made in a motion for a new trial." Such instructions, of course, are to be governed by the same rules applicable to the giving of instructions prior to jury deliberation. 53 Am. Jur., Trial, section 948.

While it does not appear this additional instruction was given in the presence of or after notice to counsel, no issue is raised thereon and we do not concern ourselves with that point here. It does appear plaintiff in her motion raised proper and specific objections to the instruction as given, and its propriety is the vital issue to be considered in determining whether the trial court abused its discretion in refusing to grant a new trial thereon. While considerable discretion is lodged in the trial court in granting such a motion, if reversible error appears in the instruction given, it would clearly be an abuse of court discretion to refuse such a motion. That we think is the situation here.

We considered a similar question in the recent case of Clubb v. Osborn, 256 Iowa 1154, 1160, 130 N.W.2d 648, 652, where the trial court sustained a motion for a new trial based upon an alleged instructional error. We enumerated therein

basic propositions that should be considered in matters of this kind and need not repeat them here. Particularly applicable, however, is one that states, "When the court instructs the jury upon a certain question in a case there must be some evidence upon which to base such instruction." Wilson v. Kouri, 255 Iowa 348, 355, 122 N.W.2d 300, 304. Another is that "It is error to submit an issue having no support in the record", citing Grimes v. The Simpson Centenary College, 42 Iowa 589, 592, Bierkamp v. Beuthien, 173 Iowa 436, 438, 155 N.W. 819, Reed v. Pape, 226 Iowa 170, 173, 284 N.W. 106. In considering whether there was evidentiary support for an instruction, we of course give the evidence the most favorable construction it will reasonably bear. See rule 344(f)2, Rules of Civil Procedure.

Since there is no serious controversy as to the propositions of law involved in this issue, it is the application of them to this factual situation that brought about this appeal. The supplemental instruction given in response to the inquiry from the jury was obviously based in part upon section 321.311 of the 1962 Code. It provides: "The driver of a vehicle intending to turn at an intersection shall do so as follows: * * * Local authorities in their respective jurisdictions may cause markers, buttons, or signs to be placed within or adjacent to intersections and thereby require and direct that a different course from that specified in this section be traveled by vehicles turning at an intersection, and when markers, buttons, or signs are so placed no driver of a vehicle shall turn a vehicle at an intersection other than as directed and required by such markers, buttons, or signs."

This section makes no attempt to prescribe the approach or flow of traffic making a left-hand turn from a one-way street into another one-way street. Counsel for appellee, in his brief, argues that due to the sign at this intersection, local authorities only permit a left turn next to the left curb, and that, because appellant had indicated by her turn signal an intention to make a left-hand turn from the second lane, there was a jury question as to whether that intention under the circumstances amounted to contributory negligence, which justified the giving of the

supplemental contributory negligence instruction. We cannot agree.

■ There is no evidence this collision occurred while plaintiff was in the process of making a left turn. Both cars were headed in an easterly direction and were stopped in their proper lane by a signal light. That plaintiff contemplated a left turn when the light changed is immaterial, for whether she intended to go ahead or turn had nothing to do with this collision.

Appellant contends that by the given instruction the court confused the jury by its reference to the right of local authorities to place signs and markers adjacent to intersections, and their right to require persons to follow them, when there was no evidence that such right had been exercised by the authorities in Des Moines, and that the court allowed jury speculation as to the meaning of the sign apparent in Exhibit "K", for there was no evidence thereof in the record. Along with these indefinite propositions, she says the court allowed the jury to consider a contemplated turn when plaintiff reached the intersection, and to determine whether she, as a reasonably prudent person, should have been in that lane, and whether these facts contributed to the accident and her injuries. Since this instruction had no support in the record, and since it is somewhat ambiguous at best, we must agree that it could reasonably confuse the jury on the legal issue of contributory negligence. It should not have been given.

■ ■ II. Supplemental instructions, of course, are as a general rule proper, and sometimes are necessary and desirable. 89 C. J. S., Trial, section 475(b), page 118, and section 477, page 121. However, in such an instruction the court must correctly state the law and confine it to the factual situation appearing in the record. It is, of course, hornbook law that a misstatement of the law in an instruction is reversible error. There is no discretion in the trial court to deny a motion for a new trial if such appears in the record.

We have carefully reviewed the evidence and find no reference to any Des Moines ordinances regulating traffic making a left-hand turn at this intersection, nor any explanation of the referred-to sign. Under these facts it would have been proper

for the court to have instructed the jury that it was not concerned with an intersection case nor with the law as to left turns, that the facts revealed no circumstances other than a rear-end collision between two vehicles proceeding eastward on a one-way street, and that plaintiff's intention when she reached the intersection was not evidence of contributory negligence.

It is concluded that the instruction given was erroneous, that it amounted to reversible error, and that, based thereon, the court should have granted plaintiff's motion for a new trial.

III. We have often held information given an investigating officer as required by section 321.271, Code, 1962, is privileged, that this information given in response to his questions is for the purpose of making a written report of an accident, and that it cannot be used to the prejudice of the informant in a civil action. Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 202, 203, 61 N.W.2d 696; Sprague v. Brodus, 245 Iowa 90, 93, 60 N.W.2d 850; Bachelder v. Woodside, 233 Iowa 967, 974, 9 N.W.2d 464, 467; Pinckney v. Watkinson, 254 Iowa 144, 116 N.W.2d 258. The reason why such statements made to the officer by the reporting motorists are to be considered just as confidential as the written report itself is that absolute reliability is required by the State for use by the Public Safety Department. The public interest, we said, required that protection for the informant. We are aware that efforts have been made to alter those decisions and that they have been questioned by law articles on occasions. See 40 Iowa Law Review, page 516. Also see Goodman v. Gonse, 247 Iowa 1091, 1104, 76 N.W.2d 873, and cases cited. It will suffice to say that we have fully considered this matter, rejecting authority from other states to the contrary. Since the Iowa legislature has met many times subsequent to our definite pronouncements relating to this section and has not seen fit to change section 321.271, we conclude it conformed to the legislative intent and was a proper interpretation of our law, and we adhere to it.

Appellant attempts to distinguish this case from those cited above by referring to the purpose for which this officer commenced his investigation. The officer did testify he was assigned to investigate an alleged "hit-and-run" accident. Thus,

1224

appellant maintains this was a criminal rather than an accident investigation, and the defendant's admission to the officer that his foot slipped off the brake, causing his car to move forward a couple of feet and bump plaintiff's car, should have been admitted. Certainly it contradicted defendant's testimony on direct examination that plaintiff backed into him, and his denial on cross-examination that he had told anyone of the foot-slipping incident.

The officer, however, told defendant the facts did not justify a criminal charge, went ahead and made out a regular accident report, and filed it with the department. No criminal charge was filed.

We conclude the information given the investigating officer and his report were privileged. The court was correct in excluding them and there is no merit in this assignment.

IV. Having found the supplemental instruction was erroneous and confusing, we hold the trial court erred in not granting plaintiff's motion and that the case must be remanded for another trial.—Reversed and remanded.

All JUSTICES concur except BECKER, J., who concurs in the result and dissents from Division III.