STATE OF IOWA, appellee, v. GERALD GENE RULLESTAD, appellant.

No. 52018.

June 14, 1966.

Rehearing Denied July 13, 1966.

C. W. Maurer and James A. Brewer, of Ames, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, Charles Vanderbur, County Attorney, and John Vasey, Assistant County Attorney, for appellee.

Thornton, J.—Defendant was convicted of involuntary manslaughter, committed while operating his motor vehicle while intoxicated. He appeals, urging for reversal the instructions bearing on proximate cause were misleading and confusing and that a statement made by him to an investigating highway patrolman was inadmissible under section 321.271, Code, 1962, which provides in part, "the written report shall be without prejudice to the individual so reporting."

The tragic accident occurred about 7 p.m. October 28, 1964. The decedent was driving west on Garden Road in Story County toward Highway 69. On reaching the highway he turned north. After he traveled north about 100 feet he was struck from the rear by defendant's northbound car. Decedent's car was thrown some 125 feet into the east ditch, he received injuries from which he died within three hours. The evidence shows the view at the intersection of Garden Road of cars approaching from the south on Highway 69 was poor due to two hills just south of the intersection. The evidence shows defendant was intoxicated before and after the collision.

I. In State v. Kellison, 233 Iowa 1274, 11 N.W.2d 371, we held it was not necessary to show wanton and reckless indifference to the safety of others in addition to showing the death was caused by drunken driving in violation of section 5022.02, Code, 1939, now section 321.281, Code, 1962. We there held,

page 1278 of 233 Iowa, page 373 of 11 N.W.2d, operating a motor vehicle while intoxicated "in violation of a criminal statute is not merely malum prohibitum, it is malum in se, wrong in itself, and is clearly an unlawful act within the definition of manslaughter."

However, we did not there hold it was unnecessary to show a direct causal connection between the defendant's drunken driving (we there, as we do here, used the term "drunken driving" as the equivalent of "operating a motor vehicle while intoxicated") and the decedent's death. If anything, we held then, as we do now, that to sustain a conviction for manslaughter by drunken driving it is necessary to show a direct causal connection between defendant's drunken driving and decedent's death. In this connection in Kellison we said, page 1276 of 233 Iowa, page 373 of 11 N.W.2d, "To cause the death of another by the drunken driving of an automobile in violation of a criminal statute is itself manslaughter." And at page 1279 of 233 Iowa, page 374 of 11 N.W.2d:

"Defendant does not seek to sustain the trial court's ruling by the contention that drunken driving was not the proximate cause of Strom's death. This does not appear to have been urged in support of the motion to direct, nor was the ruling placed on that ground. We may say, however, that the jury could have found that death was caused by drunken driving. * * * We are not justified in holding as a matter of law that there was no direct causal connection between defendant's drunken driving and Strom's death."

██ It is implicit in the above statements that to sustain a manslaughter conviction in this type of case it is necessary to show a direct causal connection between defendant's drunken driving and the death, and we now so hold. As having some bearing, see State v. Richardson, 216 Iowa 809, 249 N.W. 211; State v. Graff, 228 Iowa 159, 290 N.W. 97; State v. Warner, 157 Iowa 111, 137 N.W. 466; "Homicide by Motor Vehicle—A Survey and Proposal", 44 Iowa Law Review 558, 567; People v. Goodale, 33 Cal. App.2d 80, 91 P.2d 163; State v. Capps, 111 Utah 189, 176 P.2d 873; Cutshall v. State, 191 Miss. 764, 4 So.2d 289; State v. Mundy, 243 N. C. 149, 90 S.E.2d 312;

Commonwealth v. Root, 403 Pa. 571, 170 A.2d 310, 82 A. L. R.2d 452; Long v. State, 152 Tex. Cr. 356, 214 S.W.2d 303; and McWhirter v. State, 147 Tex. Cr. 268, 180 S.W.2d 364.

II. Appellant contends Instructions Nos. 5, 6, 7 and 14 are conflicting and confusing. There is an inconsistency in Instruction No. 7, and to some degree Instruction No. 14 is confusing, but when read with Instruction No. 15 which refers to No. 14 we fail to find prejudicial error.

Instruction No. 5, first attacked, sets out the elements the State must prove to sustain a conviction: 1, defendant was driving the car in Story County; 2, the defendant was then intoxicated; 3, that as a result of said operation decedent was killed; and 4, "that the act of the defendant as charged was the proximate cause of said injury and death." The information set out in Instruction No. 1 clearly sets out that defendant was charged with manslaughter committed by defendant in that he did while intoxicated operate a motor vehicle upon a public highway and did collide with an automobile operated by decedent, which collision caused the death. It is defendant's complaint that paragraph four of Instruction No. 5 does not clearly refer to the act of defendant of operating the motor vehicle while intoxicated. On the face of it the complaint is hypercritical. No one other than a defense lawyer could read Instruction No. 5 and the information as stated in Instruction No. 1 and conclude the act of the defendant as used in paragraph four did not refer to operating a motor vehicle while intoxicated. That is what the information and instruction are about.

III. Complaint is made of Instructions Nos. 6 and 7, both definitions of manslaughter, because they omit the element of proximate cause. Instruction No. 6 does contain the element of causation and is not vulnerable to the attack on it. Instruction No. 7, a second definition, was wholly unnecessary but we are not convinced it was prejudicial error. It does not contain an element of causation, but it follows Instructions Nos. 5 and 6 that definitely do contain such. And the instruction does not purport to set out what is necessary for the State to prove, or the jury is required to find before a verdict of guilty can be returned, as do Instructions Nos. 5, 12, 14 and 15. Instruction No. 5 has been referred to, it does require the State to prove

defendant's drunken driving was a proximate cause of decedent's death. Instruction No. 12 clearly and definitely instructs the jury the burden is on the State to prove beyond a reasonable doubt the collision and death was proximately caused by reason of the intoxication of the defendant in the operation of the automobile he was driving before they were warranted in returning a verdict of guilty. Instruction No. 14 requires the State to prove defendant was intoxicated at the time he struck decedent's car "and such accident and injury was the proximate cause of his death." The instruction goes on to define proximate cause. Instruction No. 15 follows immediately, it starts out:

"As I have previously explained to you in Instruction No. 14 the State must prove by evidence beyond a reasonable doubt that defendant's operating a motor vehicle while intoxicated was the proximate cause of the accident and resulting death."

The instruction goes on to explain defendant contends the death was not the result of his intoxication and states defendant contends the death was caused by brake failure, oncoming traffic and the topography of the road. Instruction No. 16 also makes it clear the State must prove defendant's operating a motor vehicle while intoxicated was a proximate cause of the death. We think the misstatement, if such it is, in Instruction No. 14 is fully cured by Instructions Nos. 15 and 16. Reading these instructions as a whole a juror could not think he could convict without first finding defendant's drunken driving was a proximate cause of the death.

An examination of the authorities cited by defendant demonstrates when prejudicial error occurs in conflicting or confusing instructions. The instructions must be on a material point, there must be a misstatement of the applicable law and the instructions must state essential elements the jury is required to find to warrant a conviction in the alternative. If the jury is given a choice to follow between incorrect and correct statements of the law, the instructions are prejudicial and the rule the instructions are to be viewed as a whole has no application. In State v. Glaze, 177 Iowa 457, 460, 159 N.W. 260, in the same instruction, the jury was given an alternative to return a verdict of guilty though an essential element be not proven.

In State v. Walker, 192 Iowa 823, 839, 185 N.W. 619, one instruction told the jury four propositions must be proven before a conviction was warranted, in another two propositions. In State v. Schumacher, 195 Iowa 276, 279–281, 191 N.W. 870, two instructions set forth different rules on the effect of the same evidence.

In State v. McCarty, 210 Iowa 173, 177, 230 N.W. 379, in the same instruction, in the first sentence the jury was instructed correctly, in the second sentence the jury was instructed to return a verdict of guilty if they found beyond a reasonable doubt certain elements, omitting one, knowledge.

In State v. Baratta, 242 Iowa 1308, 1314–1319, 49 N.W.2d 866, two instructions, numbers 11 and 12, both contained erroneous statements of law relating to the defense of self-defense. The correct rule was stated in part of number 11. The State urged when read as a whole the inaccuracy was remedied. We there held such principle inapplicable. Actually there the operative part of each instruction was erroneous.

 In this case Instruction No. 7 did not contain the element of causation but it was only a definitive instruction without setting forth elements to be proved or required findings. Where as here the operative instructions correctly require findings by the jury, a misstatement of the law in a definitive instruction which does not purport to require findings or state elements necessary to be proved, the rule the instructions must be read as a whole is applicable and the error is not prejudicial. In short, when the jury is not given a choice between following the correct rule and an incorrect one, but is required to follow the correct one, a substantial right of defendant is not denied and prejudicial error does not appear. State v. Kenny, 222 Iowa 279, 268 N.W. 505; and State v. Neuhart, 228 Iowa 1055, 292 N.W. 791.

 IV. Defendant contends it was error to allow the investigating highway patrolman to testify to an incriminating statement made by defendant to the patrolman when such information was being obtained for the purpose of completing the accident investigation report. Defendant recognizes our decision in State v. Flack, 251 Iowa 529, 101 N.W.2d 535,

wherein we held testimony of the same nature as in this case was not rendered inadmissible by section 321.271. He urges our construction of section 321.271 renders section 321.266 and perhaps section 321.267, requiring a supplemental report in the discretion of the department, unconstitutional in that this defendant is thereby compelled to be a witness against himself and is thereby deprived of due process of law under the Iowa Constitution, Amana Society v. Selzer, 250 Iowa 380, 94 N.W.2d 337, and is deprived of his rights under Amendment 5 to the United States Constitution, now applicable to the states. Malloy v. Hogan, 378 U. S. 1, 84 S. Ct. 1489, 12 L. Ed.2d 653.

The pertinent incriminating statement of defendant testified to by the highway patrolman was that defendant had room to pass the decedent's car on the left. Defendant testified in his own behalf and testified substantially to all other matters testified to by the officer. The testimony of the officer refutes defendant's claim he did not have room to pass decedent on the left because of oncoming traffic. It is interesting to note the minutes of the officer's testimony attached to the information did not indicate he would so testify.

Defendant argues from the premise we have uniformly held in civil cases oral statements of a participant in an auto accident made to an investigating officer are inadmissible the same as a written report, the latest case in which we so held is Brown v. Lyon, 258 Iowa 1216, 142 N.W.2d 536, and section 321.266 requires a driver to make a report and an investigating officer to interview participants, that the statements made were made under compulsion of the statute and are unconstitutional as above set out. It is not urged nor do we find evidence of coercion by the officer in the interrogation of the defendant.

In the authorities cited by defendant the defendants were, by statute: required to register firearms that would admit violating another criminal section, Dugan v. United States, 341 F.2d 85 (7 Cir. 1965), (same section in Russell v. United States, 306 F.2d 402 (9 Cir. 1962)); required dealers in gambling devices to file monthly inventories and records of sales with the attorney general, each of which was an unlawful sale or delivery, United States v. Ansani, 138 F. Supp. 451 (N. D. Ill.

1955) ; required a truck driver with an overweight load to drive onto scales as ordered, Aldrich v. State, 220 Ga. 132, 137 S.E.2d 463; by municipal ordinance required a full report, another ordinance made it a criminal offense to make a false report, Rembrandt v. City of Cleveland, 28 Ohio App. 4, 161 N.E. 364, and James v. City of Cleveland, 28 Ohio App. 178, 162 N.E. 617. In each case the defendant was prosecuted for failure to make the report, file the inventory, or drive on the scales, and in each the statute or ordinance was held to be contrary to Amendment 5 because the statute in question required the defendant to give evidence of another crime against himself. See also United States v. Blue, 384 U. S. 251, 86 S. Ct. 1416.

Defendant's claim is that our construction of section 321.271 renders section 321.266 unconstitutional for the same reason. The State concedes the above cases so hold but urges under the record here there is no compulsion. We must agree with the State's position. There is nothing in section 321.266 or the other sections mentioned that requires the defendant to give any particular information to the investigating officer.

Section 321.266 requires a driver in an accident resulting in injury or death to give notice thereof immediately to the sheriff or nearest office of the highway patrol or any peace officer. He is required to forward a written report to the department within 24 hours. Section 321.267 provides the department may require supplemental reports whenever the original is insufficient in the opinion of the department. Section 321.269 requires the department to prepare forms for such reports which shall call for sufficiently detailed information to disclose the cause, conditions then existing, and persons and vehicles involved in the accident, and requires the report to be on such form if available. Section 321.266 requires the officer who investigates the accident, "either at the time of and at the scene of the accident or thereafter by interviewing participants or witnesses shall * * * forward a written report * * * to the department." Section 321.482 provides it is a misdemeanor for any person "to fail to perform any act required by any of the provisions of this chapter" and provides the penalty.

Section 321.266 does not in so many words direct the officer

to interview participants but states the one who investigates the accident by interviewing participants shall file a report.

There is no criminal sanction for the failure or refusal of the defendant to answer any inquiry made to him. If there was we would have a different case. —Affirmed.

All JUSTICES concur except RAWLINGS, J., who dissents.

RAWLINGS, J.—I respectfully dissent.

The instructions given to the jury in this case were so conflicting, indefinite and uncertain as to have been prejudicially misleading or at best confusing. Among other things I am concerned about the element of causal relationship between the claimed intoxication and the offense charged, which is neither consistently applied nor clearly explained by the challenged instructions. See State v. Kellison, 233 Iowa 1274, 11 N.W.2d 371; State v. Graff, 228 Iowa 159, 290 N.W. 97; State v. Richardson, 216 Iowa 809, 249 N.W. 211; State v. Baratta, 242 Iowa 1308, 49 N.W.2d 866; State v. Schumacher, 195 Iowa 276, 191 N.W. 870; and State v. Walker, 192 Iowa 823, 185 N.W. 619.

And, though we have previously held to the contrary, I am inclined to the view that information secured from a participant in an automobile accident by an investigating officer is by statute given the status of privileged communications, and as such inadmissible in a criminal case. To hold otherwise is but to say information so obtained may be used to the prejudice of the individual so reporting. Section 321.271, Code, 1962; State v. Flack, 251 Iowa 529, 101 N.W.2d 535; Goodman v. Gonse, 247 Iowa 1091, 1104, 76 N.W.2d 873; and Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 202, 203, 61 N.W.2d 696. See also State v. Sabins, 256 Iowa 295, 297, 127 N.W.2d 107, and Masteller v. Board of Control, 251 Iowa 234, 238, 100 N.W.2d 111.

In my humble opinion it is statutorily and constitutionally improper to hold that information elicited by an investigating officer from a participant in an automobile accident for reporting purposes can be used against the informant for any purpose in a subsequent criminal prosecution.

I would reverse and remand for a new trial.