## STATE v. CAPPS.

No. 6978. Decided February 6, 1947. (176 P. 2d 873.)

See 42 C. J. Motor Vehicles, sec. 1378; 5 Am. Jur. 926. Degree or nature of intoxication making driving in that condition criminal offense, note, 142 A. L. R. 557. See also, 5 Am. Jur. 918.

*Skeen, Thurman & Worsley,* of Salt Lake City, for appellant.

*Brigham E. Roberts,* Dist. Atty., of Salt Lake City, *Grover A. Giles,* Atty. Gen., and *Andrew John Brennan,* of Salt Lake City, for respondent.

WADE, Justice.

David V. Capps was convicted of the crime of involuntary manslaughter as a result of a collision between the car

which he was driving and a pedestrian. He appeals from the judgment of his conviction.

The evidence discloses that on February 6, 1946, at about 8 o'clock p. m. appellant was driving a car with a heavily loaded trailer attached south on Highland Drive in Salt Lake County, Utah, when he ran into and killed Neil Summerhays, a boy of about 13 years of age who with a friend was walking south on the west side of the gravelled portion of the road. The accident occurred at about the 4000 block on Highland Drive which at this point is a two lane asphalt surfaced road running in a northerly and southerly direction. The road has gravelled shoulders on each side which at the time of the accident were frozen and had snow piled back some distance from the paved portion. There was a sidewalk on the east side of the road but none on the west side where the boys were walking. Neil was hit by appellant's right front bumper and fender and was thrown or carried about 44 feet from the point of impact and fell part on the gravelled portion and part on the paved portion of the highway with his head toward the south and his feet pointing north. The point of impact was determined by the finding of pieces of broken lense from appellant's headlight for a distance of 44 feet directly north of the point where Neil landed. Appellant travelled about 238 feet after the impact, stopped his car and came back to where Neil was lying. Appellant's gait and speech were noticeably affected. He staggered as he walked and his speech was blurred. He appeared so befuddled that persons present had to keep him from wandering out into the highway for his own safety. All of his actions gave the impression to witnesses present at the time that he was drunk. Appellant was arrested at the scene of the accident and taken to the county jail where a sample of his urine was taken for the purpose of determining the presence of alcohol. This sample showed the presence of 3 milligrams of alcohol which it was testified to by an expert is sufficient to cause a normal individual to be dizzy and disoriented and that such a condition is characterized by a staggering gait, slurred speech and marked muscular incoordination.

It is appellant's contention that the court erred in denying his motion for a dismissal of the action in not granting a directed verdict because of the state's failure to prove that appellant's intoxication, "was the proximate cause of the accident," and also that there was no evidence to show causal connection between the unlawful act and the death.

Sec. 57-7-111, U. C. A. 1943, makes it an offense to drive a vehicle while under the influence of intoxicating liquor.

From the evidence we have outlined above, there can be no doubt that there was sufficient evidence from which the jury could find that appellant was driving his automobile while under the influence of intoxicating liquor and while so driving his car it collided with Neil Summerhays who was killed thereby.

Appellant argues, however, that the mere fact that he was driving his car while intoxicated when the accident occurred was insufficient upon which to base a manslaughter conviction unless it was proved that there was a causal connection between such unlawful act of driving and the happening of the accident. In *State* v. *Lingman,* 97 Utah 180, 91 P. 2d 457, this court held that the doing of an unlawful act not amounting to a felony which resulted in death was not sufficient upon which to predicate a conviction of manslaughter, but it must be shown that there was criminal negligence present, that is that the unlawful act complained of evidenced more than mere thoughtlessness and slight carelessness; the act must be such as to show reckless conduct or conduct evincing a marked disregard for the safety of others. In this case there was ample evidence that appellant had imbided to such a degree that it was apparent to all who saw and heard him that his locomotion and his power of speech were markedly affected. It is our opinion that a person who drives a car while in such a condition is reckless and evinces a marked disregard for the safety of others and is therefore guilty of criminal negligence. However, even if one is guilty of criminal negligence such negligence must have caused or contributed to the

death before he could be found guilty of manslaughter. See *State* v. *Busby,* 102 Utah 416, 131 P. 2d 510, 144 A. L. R. 1468.

Appellant argues that there was no evidence from which the jury could find that his condition caused the accident and that there was no evidence that he was driving in other than a careful manner. His explanation of the happening of the accident is that it was caused by his being momentarily blinded by the headlights of an oncoming northbound car and therefore was unable to see Neil in time to avoid striking him. Also that one of the street lights was out in that vicinity and due to that fact and the fact that the boys were dressed in dark clothing they could not easily be seen.

The jury as the trier of the facts, having found appellant guilty of involuntary manslaughter, must not have believed his explanation of how the accident happened and we are of the opinion that there was sufficient evidence presented to the jury from which it could have reasonably found that if appellant had not been drunk while driving his car, the accident would not have occurred. There was direct evidence that the boys were walking in a straight course on the gravelled portion of the highway. Neil's friend so testified. There was no evidence that Neil suddenly swerved into the path of appellant's on-coming car. Appellant testified that he did not see the boys at all; that he stopped his car because he felt that it had hit something and he came back to investigate. From this evidence the jury could reasonably infer that appellant was so befuddled that he did not have proper control of his car and because of this lack of control he hit Neil. There was no evidence that appellant's car was not equipped with proper lights, so had he been in full possession of all his faculties and had he been as alert as is required of a driver of a car, he should have been able to see the boys had be kept a proper lookout in time to avoid hitting Neil even though the highway was not well lighted at the time. From the fact that appellant said that he did not see the boys and from the fact that he must have been off the paved portion of the highway in order

to run into Neil, the jury could reasonably find that because of his befuddled state of mind, his dizzy and disoriented condition and muscular incoordination resulting from intoxication, he did not have the proper control of his car or that he was unable to see the boys or determine their position on the highway and therefore ran into Neil, and it could have found that but for the effect of such intoxication he could and should have avoided the accident; that therefore, the causal connection between the accident and his reckless driving was established by his condition.

From what we have said it follows that the court did not err in refusing to dismiss the case or to direct a verdict of not guilty.

Affirmed.

McDONOUGH, C. J., and PRATT, WOLFE, and LATIMER, JJ., concur.