## STATE v. READ.

No. 7792.   Decided April 25, 1952.   (243 P. 2d 439.)

See 61 C. J. S., Motor Vehicles, sec. 666. Homicide through negligent use of motor vehicle. 26 Am. Jur., Homicide, sec. 215; 99 A. L. R. 756.

*Harvey A. Sjostrom, Curtis E. Calderwood,* Logan, for appellant.

*Clinton D. Vernon,* Atty. Gen., *L. E. Nelson,* District Atty., Logan, *Quentin L. R. Alston,* Asst. Atty. Gen., *Richard J. Maughan,* Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from an involuntary manslaughter conviction, arising out of defendant's driving a car which struck and killed a bicyclist. The conviction is affirmed.

While driving his car north on Logan, Utah's main street, and while deceased was crossing the street in an easterly or southeeasterly direction in the middle of the block, the right front fender of defendant's car struck deceased, indicating that the latter had almost passed in front of the car before the collision. He was thrown into the air, was struck again as he fell, and was either knocked or carried 61' up the street. Defendant travelled another 72' beyond this point, where skid marks started to appear, continuing another 141½', where the marks ended, where the car stopped, and where deceased's bicycle was found, 274½' from the original point of impact. Defendant walked back to the body, examined it, returned to his car and drove off. A doctor arrived within 2 minutes and concluded the man was dead. Defendant was apprehended by officers on an off-highway dirt road, which defendant said was a shortcut. An empty wine bottle was found under the seat of defendant's car, a full bottle of wine was discovered in the glove compartment, which defendant labelled the "gin bin", and 2 bottles of beer were on the seat of the car. One of the witnesses escorting defendant to the station testified he smelled liquor on defendant, who voluntarily submitted to a blood test showing an alcohol content of 0.24% (2.4 mgm/1cc), leading a chemical expert witness to give his opinion that defendant was drunk, and substantiating the statutory presumption in such cases.[1]

Defendant took the stand, testified he was travelling 25 m. p. h. or less; that his attention had been drawn to a car leaving a parking lot to his right; that he was paying attention particularly to this car because recently a car

[1] 57-7-111(b) 3, U. C. A. 1943, as amended (1951 Supp.).

backing out of an alley from the right had hit him; that he paid no attention to the street traffic until he again looked ahead, only to see the bicyclist about 6' away, too late to stop. He further said that he had no time to apply brakes, that he thereafter did not apply them until his car had coasted to a low speed, made no skid marks but allowed his car to roll until it stopped; that after viewing the body he saw that nothing could be done; that he felt confused and just wanted to go home. He asserted that he had drunk one glass of beer at a lounge, had bought 4 bottles there, drinking one with a friend in his car. He stated the wine had been purchased 10 days before by a fishing companion.

Counsel for defendant claims there can be no admission of evidence of skid marks, unless there is conclusive proof that defendant's car made them, intimating that if defendant did not admit making them or if a witness had not actually seen them made, proof is lacking and other evidence thereof is inadmissible. Such contention is not only unacceptable, but wholly disregards circumstantial, expert, or other evidence. Testimony showed the marks led directly to where defendant stopped. Counsel for defendant himself elicited from a witness an opinion that defendant's car made the marks. Defendant also objects to admission of a police officer's calculation of speed based on skid marks, on the grounds that there was no showing whether the marks were made by 4 or 2 wheels. The objection seems pointless since the speed testified to, assuming only 2 wheels were involved, far exceeded the posted maximum.

The evidence, admittedly conflicting, and therefore a jury question unless reasonable minds could arrive at no conclusion other than that there was no criminal negligence, was obviously such that a jury reasonably could have concluded that defendant's conduct was of that type required to justify conviction on grounds of criminal

negligence.[2] It reasonably would justify a jury in concluding that defendant was driving while under the influence of intoxicating liquor, or at an excessive speed, or with marked disregard for the safety of others, any of which the jury could have found proximately caused the death and justified the conviction.[3]

Counsel for defendant simply asserts that there was insufficient evidence to go to the jury on these matters, and he seems to rely on the fact that deceased was cutting across the street without looking, leading counsel to assert that it was a necessary conclusion as a matter of law that his action was the sole proximate cause of his death. We cannot agree with such theory in the face of this record. We believe the jury fairly could have concluded that deceased proximately was killed by defendant's criminal negligence as a concurring proximate cause with the negligence of deceased, in which event he would be guilty of the offense charged.[4]

Remaining errors complained of pertain to the giving or failure to give certain instructions. Other instructions given fairly apprised the jury of the law and satisfied the objections of counsel,—the jury plainly having been told that it must believe beyond a reasonable doubt that defendant was guilty of criminal negligence which proximately caused the homicide.

WOLFE, C. J., and WADE, McDONOUGH and CROCKETT, JJ., concur.

---

[2]*State* v. *Lingman,* 97 Utah 180, 91 P. 2d 457.

[3]*State* v. *Capps,* 111 Utah 189, 176 P. 2d 873; *State* v. *Thatcher,* 108 Utah 63, 157 P. 2d 258; *State* v. *Lingman,* supra.

[4]Annotation, 99 A. L. R. 756, at p. 833: "* * * But if the culpable negligence of the defendant is found to be the cause of the death, he is criminally responsible whether the decedent's failure to use due care contributed to the injury or not."