The STATE of Utah, Plaintiff and Respondent,

v.

Kenneth L. ANDERSON, Defendant and Appellant.

No. 14650.

Supreme Court of Utah.

March 18, 1977.

---

4. A.L.I., Model Penal Code, Tentative Draft # 9, May 18, 1959, § 201.4, p. 55.

Ronald W. Stanger, of Stanger & Brown, Randall Gaither, Provo, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

ELLETT, Chief Justice:

The defendant above named was found guilty of the crime of automobile homicide and sentenced to serve the statutory period in the state prison. He has appealed and assigns two points of claimed error:

(1) The trial court erred in admitting into evidence an admission of the defendant because the state had not proved the corpus delicti of the offense at the time.

(2) The evidence was not sufficient to sustain the judgment.

The facts of the case are not disputed. The defendant was driving a Chevrolet pickup truck in a northerly direction on a state road. At the same time, Mrs. Sherry Lynn Forsythe was riding in a Toyota pickup truck which was being driven in a southerly direction on the same road. As the two trucks approached each other, the Chevrolet truck was driven across the painted safety island in the center of the road and collided head-on with the Toyota truck. Mrs. Forsythe was killed as a result of the collision. The defendant was the driver of the Chevrolet truck and had an alcoholic content in his blood (one hour later) of .22%.

While the investigating officer was assisting the injured, he observed that an injured man in the Toyota truck was using harsh language towards a man standing behind him. The officer then turned and asked the man behind him if he was the driver of the Chevrolet truck. The man answered "yes". The officer observed at that time that the man was drunk.

Since the woman in the Toyota truck was dead, the officer placed the man under arrest for the crime of automobile homicide and gave him the *Miranda* warning. At trial the officer testified to the admission made by the appellant.

It is elementary that a corpus delicti cannot be proved by the admission of the defendant alone. However, the evidence showed that nobody was under the wheel of the Chevrolet truck and that a passenger on the other side of the front seat was bleeding heavily and there were pools of blood on that side of the truck. The right-hand door was damaged so that it could not be opened. The appellant had only one small cut on his eye at the time.

The trier of fact could hardly have entertained any doubt as to who was driving the Chevrolet truck. Had the only other person in that truck been driving, it is obvious that the appellant would have found it necessary to exchange places with

him since the right-hand door could not be opened. And since there was no blood on the driver's side and none on the appellant, it would strain the credulity of a juror to have any doubt as to who was the driver.

The trial court is given broad discretion in the manner of conducting a trial and especially in the matter of receiving evidence. This rule applies in a case where there is a confession or admission along with the necessary corroborating evidence. In *Murphy v. State*,[1] the court held:

. . . admitting the confession prior to the introduction of some evidence of the corpus delicti . . . admits to no more than harmless error where the corpus delicti is later established.

In *State v. Hernandez*,[2] the Arizona Supreme Court held:

The statements (confessions) were admissible in the event proof of corpus delicti were ultimately submitted. Whether it should be allowed at the particular time is merely a matter of the order of proof and not of its admissibility. (p. 469)

The claim that the state must show that the manner in which the appellant drove his automobile was with *criminal* negligence is without merit and was answered fully in the case of *State of Utah v. Durrant*.[3]

In addition to the authorities cited in the *Durrant* case, it should be noted that this Court in the case of *State v. Capps*[4] said:

In this case there was ample evidence that appellant had imbibed to such a degree that it was apparent to all who saw and heard him that his locomotion and his power of speech were markedly affected. It is our opinion that a person who drives a car while in such a condition is reckless and evinces a marked disregard for the safety of others and is therefore guilty of criminal negligence.

The *Capps* case involved negligent homicide and required a showing of criminal negligence in order to convict. The court said that a drunk person who drives a car is guilty of criminal negligence.

The holding in the *Durrant* case was to the effect that simple negligence in the driving of a motor vehicle which causes the death of another person is all that is required when the driver is so under the influence of liquor as to be unable to drive his car in a reasonably safe and prudent manner.

The assignments of error are without merit and the judgment is affirmed.

CROCKETT and HALL, JJ., concur.

MAUGHAN, Justice (dissenting):

For the reasons stated in my dissent to the opinion in *State of Utah v. Durrant*, Utah, 561 P.2d 1056 (1977).

WILKINS, J., concurs in the views expressed in the dissenting opinion of Mr. Justice Maughan.

---

1. 221 Tenn. 351, 426 S.W.2d 509, 514 (1968), *cert. den.*, 402 U.S. 945, 91 S.Ct. 1621, 29 L.Ed.2d 114 (1971).

2. 83 Ariz. 279, 320 P.2d 467 (1958). See also: *People v. Cantrell*, 8 Cal.3d 672, 105 Cal.Rptr. 792, 504 P.2d 1256 (1973); *State v. Smith*, 12 Wash.App. 720, 531 P.2d 843 (1975); *McIntosh v. State*, 86 Nev. 133, 466 P.2d 656 (1970).

3. 561 P.2d 1056 (Utah 1977).

4. 111 Utah 189, 191, 176 P.2d 873, 874 (1947).