STATE of Utah, Plaintiff and
Respondent,

v.

Johnnie Owen WADE, Defendant
and Appellant.

No. 14840.

Supreme Court of Utah.

Dec. 5, 1977.

Randall Gaither, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

CROCKETT, Justice.

Defendant Johnnie Owen Wade, was convicted in a trial to the court on three counts of automobile homicide [1] and was sentenced to an indeterminate term of 0 to 5 years in the Utah State Prison. He attacks his conviction on two grounds: (1) insufficiency of the evidence; and (2) that because he was not found guilty of "criminal negligence," he cannot be convicted of automobile homicide.

At about 10:30 p. m. on May 10, 1976, defendant and Leo Craig Finster left Walt's

1. U.C.A.1953, Sec. 76–5–207.

Cafe in Santaquin where they had been drinking beer. Defendant drove his pickup truck westward on Highway 91 and, about two miles west of Goshen, had a head-on collision with a Honda automobile in which Thomas Cox, his wife, Debra, and their two children, Melinda and Jeremy, were traveling easterly.

All six of the persons involved in the crash were taken to Payson Hospital where they were examined by Dr. J. Robert Hogan. Mrs. Cox and the two children were dead on arrival. Mr. Cox had numerous bruises, abrasions and fractures including of his nose and of his right leg. Blood samples were taken from the defendant, Mr. Finster and Mr. Cox and analyzed to determine alcohol content. The percentage of alcohol in the blood was 0.0 percent for Mr. Cox, .08 percent for Mr. Finster and .12 percent for defendant.[2]

■ Because it is not material to the issue raised herein, we spare recital of further detail as to how the accident occurred. It is sufficient to say that there is a reasonable basis in the evidence to support the finding of the trial court and the verdict. Such plausibility as there is to defendant's attack thereon arises from this statement of the trial court:[3]

> I find that the defendant *was driving* a motor vehicle on a public highway *under the influence of liquor*, intoxicating liquor, within the meaning of the statute *and that he was negligent* in that he was *on the wrong side* of the road and that that negligence was a cause of the death of each of the persons contained in each of the counts. I expressly *do not find that he was criminally negligent* within the meaning of the statute, and I there-

fore find him guilty. [All emphasis in this opinion is added.]

In support of his argument that his conviction of automobile homicide cannot be sustained the defendant focuses upon the trial court's statement that he was not "criminally negligent"; and he singles out and places reliance on U.C.A.1953, Sec. 76–5–201, which provides that a person commits criminal homicide "if he intentionally, knowingly, *recklessly or* with criminal negligence unlawfully causes the death of another."[4] And urges that under that statute, in order to justify his conviction, he would have to have been found guilty of "criminal negligence." However, it is to be borne in mind that the section referred to must be considered in connection with Sec. 76–5–207(1), under which defendant was convicted, which provides: "Criminal homicide constitutes automobile homicide if the actor, while under the influence of intoxicating liquor . . . to a degree which renders the actor incapable of safely driving a vehicle, causes the death of another by operating a motor vehicle in a negligent manner."

■ Defendant's argument further proceeds: that prior holdings of this Court[5] produce a conflict between the two statutes above quoted. If the two statutes are considered together and each given its intended effect, we see no such conflict. It will be noted that under Sec. 201 an act may be criminal homicide if done "intentionally, knowingly, *recklessly or* with criminal negligence" in the disjunctive, and therefore does not necessarily require criminal negligence. In the cases referred to we have expressed our opinion that one who knowingly undertakes to drive a motor vehicle upon a public highway while he is intoxicated is acting recklessly and in disregard of

---

2. U.C.A.1953, Sec. 41–6–44.2 makes it "unlawful . . . for any person with a blood alcohol content of .10% or greater . . . to drive . . . ."

3. We treat the issue raised herein in awareness that oral statements of the trial court are superseded by the written findings, judgment, or verdict. See *McCollum v. Clothier*, 121 Utah

311, 241 P.2d 468 (1952); *Park v. Jameson*, 12 Utah 2d 141, 364 P.2d 1 (1961).

4. U.C.A.1953, Sec. 76–2–101(1), provides the same requirements for crimes generally.

5. *State v. Anderson*, Utah, 561 P.2d 1061 (1977); *State v. Durrant*, Utah, 561 P.2d 1056 (1977).

the rights and safety of others;[6] and that when this reckless conduct is combined with any negligence which causes the death of another, that constitutes automobile homicide under the provisions of Sec. 207(1) above quoted. We reaffirm that position and reject the urgence on defendant's behalf that those cases should be overruled.

From what has just been said it follows that the trial court was justified in finding that because the defendant was driving a motor vehicle upon a public highway while he was intoxicated and negligently caused the death of the occupants of the Cox automobile, he was guilty of automobile homicide.

Affirmed. No costs awarded.

ELLETT, C. J., and HALL, J., concur.

MAUGHAN, Justice (dissenting).

For the reasons stated in my dissenting opinion in *State of Utah v. Bert James Durrant*, Utah, 561 P.2d 1056, 1058 (1977), I dissent.

WILKINS, J., concurs in the dissenting opinion of MAUGHAN, J.

---

6. *Ibid.*, and *State v. Risk*, Utah, 520 P.2d 215 (1974).