The STATE of Utah, Plaintiff and Respondent,

v.

Vincent L. BELGARD, Defendant and Appellant.

No. 15743.

Supreme Court of Utah.

Aug. 15, 1980.

Ronald J. Yengich, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from a jury conviction on charges of automobile homicide and raises several issues on appeal. However, we are concerned only with the issue of the trial judge's instruction as to the degree of negligence which the jury must find in order to convict the defendant. The instruction correctly stated the court's understanding of that element of the crime at the time of defendant's trial, to wit: The jury need only made a finding of simple negligence in order to find the defendant culpable.[1]

Subsequent to defendant's conviction, this Court, in *State v. Chavez*,[2] overturned its earlier rulings and held that there must be a finding of criminal negligence. Defendant submits that the court's decision in *Chavez* does not change what had been the law but instead corrected its earlier erroneous holdings and stated what had, in fact, been the law since the inception of the 1973 Criminal Code. From that premise, defendant further asserts that the court's holding in *Chavez* is applicable in the instant case. With this final assertion of defendant, the state, in recognition of its duty,[3] agrees and has confessed error.

In order to pass upon the acceptability of the state's confession, it is pertinent to note the time elements in the disposition of *Chavez* vis-a-vis the defendant's case. Defendant was convicted on November 17, 1977, sentenced on March 17, 1978, and the matter was appealed to this Court. While defendant's appeal was pending, this Court, on December 31, 1979, ruled upon *Chavez*. It is clear from this scenario that defendant's judgment was not final at the time of our ruling in *Chavez* and accordingly he is entitled to claim the benefit of that ruling. While never having been passed upon directly by this Court, the principle is well founded in comparable federal law.[4] The

---

1. *State v. Anderson*, Utah, 561 P.2d 1061 (1977); *State v. Durrant*, Utah, 561 P.2d 1056 (1977); *State v. Wade*, 572 P.2d 398 (1977).

2. 605 P.2d 1226 (1979).

3. A prosecutor's avowed purpose should not be one of gaining convictions but of seeking justice.

4. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *Bell v. Maryland*, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964); *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Virgin Islands v. Civil*, 591 F.2d 255 (3rd Cir., 1979); *United States v. Patrin*, 575 F.2d 708 (9th Cir., 1978).

Seventh Circuit, in *United States v. Fitzgerald*[5] appropriately stated the rule:

. . . It is well established that when a lower court relies on a legal principle which is changed by treaty, statute, or decision prior to direct review, an appellate court must apply the current law rather than the law as it existed at the time the lower court acted. 'Intervening and conflicting decisions will thus cause the reversal of judgments which were correct when entered.' .[Cases and authorities cited.]

In light of the foregoing, the state's confession of error is accepted, the judgment of conviction is vacated and the case remanded for proceedings in accordance herewith.