**STATE of Utah, Plaintiff and Respondent,**

v.

**James Robert McPHEE, Defendant and Appellant.**

**No. 18810.**

Supreme Court of Utah.

June 27, 1984.

---

1. U.C.A., 1953, § 78–12–12.

2. *Morris v. Blunt,* 49 Utah 243, 161 P. 1127 (1916); *Anderson v. Osguthorpe,* 29 Utah 2d 32, 504 P.2d 1000 (1972).

Nancy Bergeson, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM.

This appeal is from two convictions by jury verdicts of automobile homicide [1] and leaving the scene of an accident.[2] The appellant urges that there was insufficient evidence to show "criminal negligence," as required in the first offense (under the then existing statute) and consequently that the second charge should prevail.

As appellant points out, intoxication is not prima facie evidence of criminal negligence, but only a factor to be considered along with other circumstances.[3] Under U.C.A., 1953, § 76–2–103(4), a person would be "criminally negligent" when he engaged in conduct:

> With criminal negligence or is criminally negligent with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise in all the circumstances as viewed from the actor's standpoint.[4]

The admissible facts that support the verdicts and judgments are, in short, as follows. The appellant and four friends were playing cards and drinking from 6:00 p.m. to 9:00 p.m. on June 13, 1980. Appellant and two others left in appellant's van, with one of appellant's companions driving. They stopped at a liquor store, obtained vodka, then went to a store for mixer. After drinking half a bottle of vodka, they proceeded to a gas station where appellant took the wheel. He was intoxicated so as to stagger and talked with slurred speech. Nevertheless, he insisted on driving so as to be responsible "in case anything happened." He drove from the right lane of a four-lane street, crossed left over 3 lanes of traffic into the wrong lane of an intersecting street where he killed a boy on a bicycle. Appellant fled the scene at a high rate of speed without stopping to render aid.

The appellant's position is that drunkenness was shown by the evidence, but not criminal negligence under the statute. As indicated in the above-cited statute, criminal negligence includes an awareness of an unjustified risk under the circumstances, where failure to realize such risk is a "gross deviation from the standard of care that an ordinary prudent person" would indulge. The facts here, viewed favorably in support of the verdict, are such that reasonable persons reasonably could find as the jury did. The case of *State v. McCardell*, Utah, 652 P.2d 942 (1982), and those therein cited enunciate the dispositive principles applicable to the instant case.

The verdicts and sentences are affirmed.

---

1. A felony under U.C.A., 1953, § 76–5–207.

2. A misdemeanor under U.C.A., 1953, § 41–6–29.

3. *State v. Ruben*, Utah, 663 P.2d 445 (1983); *State v. Chavez*, Utah, 605 P.2d 1226 (1979); *State v. Capps*, 111 Utah 189, 176 P.2d 873 (1947).

4. Note that only simple negligence is now necessary for automobile homicide under U.C.A., 1953, § 76–5–207.